Lizzie C. Farrior, by C. M. Cox, *Guardian ad Litem,* v.
Hughes-Law Lumber Co. *et al.*

151 So. 377.
Division B.
Opinion Filed December 8, 1933.

*C. M. Cox,* for Appellant;

*James N. Daniel,* for Appellees.

Buford, J.—This was a suit to foreclose a materialman's lien. A plea was interposed in the answer, as follows:

"Said Guardian *Ad Litm,* further answering said paragraph three, says that in the event any such lumber was so contracted for, ordered or purchased by Lizzie C. Farrior from said complainant, Hughes-Law Lumber Company, that it was contracted for, purchased by or ordered at a time when the said Lizzie C. Farrior was not of sound mind and was incapable of entering into a contract binding herself to any obligation or contract; that, prior to the date, February 1, 1932, when it is alleged that the delivery of said lumber began, and at all times since, the said Lizzie C. Farrior was not of sound mind and was not capable of entering into any contract binding herself or her property for the payment of any lumber, debt or obligation."

This was stricken on motion and appeal is from that order. The contract was not executory, but was executed and the claim for lien grew out of the performance of the

contract. There was no offer to place parties *in status quo ante,* nor does it appear that this can be accomplished.

In 32 C. J. 734 it is said:

"According to the weight of authority, however, where there has been no inquisition or adjudication of insanity, a contract entered into upon an adequate consideration of which the insane person has had the benefit, and made by the other contracting party in good faith, without fraud or undue influence, and without knowledge of the insanity or reason to suspect it, will be upheld against the insane person or his representatives, and it cannot be avoided by them, where the parties cannot be put *in status quo.* The liability under the contract in such a case will be upheld, not so much upon the theory of enforcing the promise as upon the idea that the insane person ought not to enjoy the full, adequate and irrestorable benefit of a contract ordinarily merely voidable, without himself complying with the terms thereof; and such liability is imposed also on the principle that, where a loss must be borne by one of two innocent persons it shall be borne by him who occasioned it."

There is no intimation in the pleadings of fraud, deception, bad faith or undue influence.

The text above quoted is sustained by numerous authorities cited in note appended thereto.

The order should be affirmed. It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.