MATHEWS, Justice.
This is the second appearance of this case in this Court. Heretofore the appellee filed a motion to dismiss the appeal on the ground that it was frivolous and without substantial merit. The motion was denied.
To the ordinary declaration the insurance company pleaded the release. Lewis filed a replication pleading duress and undue influence and constant nagging and worry over the insinuation, or indirect charge, that he may have burned his car. Summary judgment was entered notwithstanding the written request for a trial before a jury. This appeal is prosecuted from that summary final judgment.
It appears from the deposition taken by the appellee for discovery of Ben Lewis, the appellant, and from the record that appellant, Ben Lewis, was a Negro farmhand living in Hastings, Florida. He had gone through the fourth grade in school. He was covered by an insurance policy on a Ford automobile which was owned by him under the retain title contract. The automobile caught fire in December, 1952, and was completely destroyed on State Road 207. Notice and proof of loss were given. The insurance company notified Lewis that they would send someone to investigate the cause of the fire immediately but it was three weeks before anyone contacted him. A Mr. Irwin, representing the insurance company, contacted Lewis in January, 1953. Irwin again contacted him at Lewis’ home on January 29, 1953, and took Lewis in his car to the location where Lewis’ car had burned. In Lewis’ deposition he testified that the following took place:
“A. He came to the house' and picked me up and brought me down the road where my car caught afire and he questioned me, and you know, questioned me and all, and he kept on talking and talking. So he told me that if we keep on, if we keep on, if we keep on tracing, he say ‘You just might as well to — ’. He say ‘I’m going to tell you just like it is.’ He say T been on the job a long time’ — some kind a-way —and he told me that ‘If we keep on finding, find you sot the car afire, they can give you from four to five years’. That what he told me. I say ‘Well, I *667 didn’t set the car afire’. Them’s the words I told him. And then -he came, on — -we came on to East Palatka over there to Mr. E. M. Bainbridge — Bob Lee Motors, something like' that — and then we sot up in the car - and talked then. So he brought up about' the paper again. So I kept a-telling him, I don’t understand what you say, and he kept a-bringing it down, you know, for me to understand it. So he just kept on talking and talking. Só, I say T tell you something’. I say T didn’t set the car afire.’ I say ‘It seem to me. like you all don’t want to do right about the car.’ I say ‘Just to keep trouble down the nagging it, I just 'go ahead and sign the release.’ That’s what I told him.”
The record shows that Irwin gave Lewis a dollar to sign the paper and told Lewis that he would not receive any more mon.ey than the dollar. Lewis said he understood what he was signing.
Ño one was present when the-p&per was signed except Lewis and two white people, Irwin and the Notary Public.. .
In reading this record a few of the facts are very impressive. Lewis was buying a Ford automobile for $1,050.00. The same was insured for his protection as well as the protection of the owner - of the retain title contract. The .automobile was completely destroyed by fire. Under the circumstances hereinabove set forth, á release from all obligation under the insurance policy was obtained for the sum -of one dollar. Lewis, a farmhand, was not educated and had no experience in business matters. The agent for the insurance company was an experienced insurance agent, interested in obtaining a settlement of the claim for as little as possible. It does not matter, that the appellant knew what he was signing as, in our opinion, the signing was induced by duress. He knew he was afraid of courthouses, jails and penitentiaries. Had this matter been submitted to the jury, they would have been justified, from the undisputed facts, in drawing the conclusion and inference that the release was obtained by the insurance agent by methods of duress, overreaching and planting fear in the mind of appellant. Lewis had never been involved in any court proceeding. The insurance agent impressed upon him that he'had been investigating the matter for a considerable period of time, and said, .“If we keep on finding, find you sot the car afire, they can give you from four to five years.” It is difficult to conceive of any state of circumstances or any statement which would be calculated to put more fear into the uneducated mind of the appellant than that shown-by this record.
Although this Court looks with favor upon settlements and releases free of fraud, undue influence, duress and overreaching, this case should be determined by a jury. Winter Park Telephone Co. v. Strong, 130 Fla. 755, 179 So. 289; Roper v. Florida Public Utilities Co., 131 Fla. 709, 179 So. 904.
The judgment appealed from be, and the same - is, hereby set aside and further proceedings had in accordance with this opinion.
ROBERTS, iC. J., and TERRELL and SEBRING, JJ., concur.