MATHEWS, Justice.
This is a personal injury action in which the jury returned a general verdict of “not guilty” for the defendant. Motion for new trial was filed and denied. This appeal is taken from the judgment, dated May 7, 1953, and the order denying motion for new trial, dated June 4, 1953.
The plaintiff claimed damages as a direct and proximate result of alleged negligence of the defendant in the operation of an automobile. The plaintiff was riding a bicycle. The defense was a denial of negligence on the part of the defendant, contributory negligence on the part of the plaintiff, the four-year statute of limitations, F.S.A. § 95.11 (4), and a settlement which resulted in release in accord and satisfaction of the claim for the sum of $2,500.
The burden of proof was upon the appellant to prove negligence on the part of the appellee and that such negligence proximately contributed to the accident and injury complained of. :On the issue of contributory negligence, .the burden of proof was upon the defendant. On these questions there was considerable conflicting evidence. Material conflicts in the evidence with reference to genuine issues of fact were peculiarly within the province of the jury and were submitted to the jury.
One of the defenses was that settlement of the case had been obtained by release, the consideration for which, was $2,500. The plaintiff replied to this defense by confessing the receipt of $2,500 as payment for his injuries and then alleged that he was mentally incompetent at the time the settlement was consummated and had no personal recollection or knowledge of it. Defendant filed a motion to strike plaintiff’s reply and the trial court then required the plaintiff to amend his reply by alleging not only that plaintiff was mentally incompetent at the time of the settlement but also that the defendant knew or had reason to believe that plaintiff was incompetent, and that the consideration was inadequate. The plaintiff did amend his reply as required by the trial court and the defendant then filed an amended answer alleging that a settlement had been consummated through an attorney employed by the plaintiff and that the plaintiff and his father had agreed to and did accept $2,500 as payment for his injuries. To this amended answer the plaintiff filed a reply, again confessing the receipt of $2,500 as payment for his injuries and alleged that he was mentally incompetent at the time of the settlement and for twenty-four months thereafter he did not know of the settlement and did not employ an attorney and that the defendant knew or had cause to believe that plaintiff was incompetent and that the consideration was wholly inadequate. The appellant urges that the trial court committed reversible error by requiring the appellee to allege and prove that the defendant had knowledge or reasonable cause to believe that plaintiff was mentally incompetent at the time the settlement was effected.
On this question this Court in the case of Farrior v. Hughes-Law Lumber Co., 113 Fla. 209, 151 So. 377, said:
“ ‘According to the weight of authority,, however, where there has been no inquisition or adjudication of insanity, a contract entered into upon an adequate consideration of which the insane person has had the benefit, and made by the other contracting party in good faith, without fraud or undue influence, and without knowledge of the insanity or reason to suspect it, will be upheld against the insane person or his *785 representatives, and it • cannot be avoided by them, where the parties cannot be put in status quo. The liability under the contract in such a case will be upheld, not so much upon the theory of enforcing the promise as upon the idea that the insane person ought not to enjoy the full, adequate ■ and irrestorable benefit of a contract ordinarily merely voidable, without himself complying with the terms thereof; .and such liability is imposed also on the principle that, where a loss must be borne by one of two innocent persons it shall be borne by him who occasioned it.’
In this case the injured party did not speak English. He and his father employed an interpreter. He or his father employed an attorney to represent them. There is no proof of knowledge on the part of the appellee of mental incompetency of the appellant. There is no evidence of fraud or fraudulent conduct on the part of the appellee. In such a case as that presented, knowledge of the appellee of mental incompetency on the part of the appellant was essential.
The appellant further complains that the court committed reversible error when it instructed the jury that the plaintiff must prove "that the Defendant, or his agent, knew, or had reasonable cause to believe that the Plaintiff was mentally incompetent all of that time”. The particular portion of the section of the charge objected to is “all of that time”. This charge must be read in connection with the testimony and all other charges given and when so read it can only be construed to mean all of that time when the appellee was dealing with the appellant and consummating the agreement and settlement.
In connection with the question of incompetency the appellant also claims that the amount received in settlement was an inadequate consideration and-should be set aside for that reason. Under the facts disclosed by the record in this case, the claim was a doubtful claim and from all the facts and evidence in the case it does not appear that the amount paid and received in settlement was an inadequate consideration, This question, together with all other questions, was submitted to the jury.
We have carefully reviewed the record and the testimony in this case and the appellant failed to make it appear that the court committed any reversible error.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.