THOMAS, Justice.
Two vehicles collided and as a result the appellant was injured so he brought an action for damages against the driver of the other car. There is no occasion to detail the allegations of the complaint, which seems to be in the usual form, because the-present dispute arises from rulings with reference to one defense stated in the answer of the appellee and the reply of the appellant to that defense.
It was alleged in the answer that the appellant had “executed a full and complete release in favor of defendant of all claims arising out of the accident” and a copy of the release was attached. In this instrument, bearing appellant’s signature, it was stated that the appellant in sole consideration of $58 released the appellee from all actions and all claims of damages, for injuries “both to person or property” and so on, resulting from the accident which had occurred two days before.
With permission of the court, the appellant in reply asserted that the consideration was grossly inadequate and that he had been “induced” to execute the release because he was told that upon signing it, appellant’s car would be returned to him and that the release was limited solely to the claim for damage to his property. The appellant asserted that the representations were false and fraudulent and known to be so, and that he, in ignorance of their false and fraudulent character, was induced to sign.
This reply was stricken on appellee’s motion and by the same order judgment was entered against the appellant. Then the appellant asked the court to vacate the order and judgment and permit him to file an amended reply “on equitable grounds.” In addition to the allegations of the original reply the appellant averred that he was “an illiterate Negro who [could] not read,” was nervous, was inexperienced in business affairs and incapable of understanding business transactions like the one involved. Consequently, he asserted, he was unable to cope with the representatives of appellee. He charged that these agents concealed the nature of the release and expressly informed him he had to sign the release to retrieve his car from the garage where it was being repaired. He asserted that appellee’s representatives knew he had suffered painful injuries to his person and led him to believe only his claim for damage to the car was being released. He stated that the cost of repairs to the vehicle was precisely the amount he received for the release, $58. He concluded with the request that a jury be empanelled to fix the damages he should recover for personal injuries.
The motion was denied and the judgment already entered was confirmed.
The sole question posed by the appellant is the propriety of the judge’s ruling, in effect, denying appellant a jury trial which appellant asserts was a disregard of Sec. 52.21, Florida Statutes 1955, F.S.A. and 30 F.S.A. Rule 1.8(g), 1954 Rules of Civil Procedure. The statute contains the simple provision that a plaintiff may, by reply, set out facts “which would avoid such answer upon equitable grounds.” The rule recognizes defenses on equitable grounds.
*793 At the outset, the judge permitted the appellant to reply and we find no occasion to criticize his allowing this procedure. It is not unlike the procedure we approved in Tuggle v. Maddox, Fla., 60 So.2d 158, when we held that the plaintiff could by reply to a plea of the statute of limitations present matters, upon which he relied, to show that the effect of the statute had been •counteracted because waived or tolled. This ruling was a construction of then Rule 8(a), Common Law Rules. The present Rule, 1.7 of the 1954 Rules of Civil Procedure, contains provisions that there shall be a reply if the answer includes a counterclaim or a cross-claim and that no pleadings additional to a complaint, answer, a reply to a counterclaim or cross-claim, and motions shall be allowed “except that the court may order a reply to an answer.” We construe the quoted part to mean that upon application of the plaintiff for permission to reply to an affirmative defense the court may order such a pleading.
And, too, we are not disposed to disagree with the court’s decision that the first reply should be stricken for plainly it was insufficient as a basis for proof that the appellant had been defrauded when he executed the release.
We have the view, however, that the amended reply in which the appellant elaborated on his statements that appellee’s representatives took advantage of him should have been allowed. We are only repeating when we detail some of the pertinent allegations: Appellant was illiterate; he could not read the instrument; he was told that to get his car repaired it was necessary to sign; he was given the exact amount of the repair bill; the release was executed the second day after the collision; he was not told that he was releasing the appellee from claims against him for personal injuries to the appellant.
We are not aware of the reasons for rejecting the amended reply but we apprehend that the appellee argued to the circuit judge, as he argues here, the distinction between the presentation of fraud affecting inducement and affecting execution of a release and insisted that the former situation obtained, therefore it would be necessary for the appellant first to seek relief in equity.
We have noted that in the motion to strike the first reply he stated as a ground the attempt “to plead fraud in the inducement rather than fraud in the execution” and that the release under seal could not be “properly attacked for such purported reason at law, but first must be attacked in an action in equity.”
As we indicated in the beginning, the first reply did contain the statement that the appellant was “induced” to sign when he did not know what he was doing. But we do not have the view that the amended reply he submitted to the court was so framed that it claimed fraud had been exercised in the “inducement” as distinguished from the “execution” so that he would be required to invoke the aid of equity in setting the release aside.
Appellee concedes in his brief that the appellant may rely on Rule 1.8(g), supra, as authority to present his equitable defense in this law action “if the alleged fra-ud is fraud in the execution” and adds to his own italicized statement that “a number of Florida cases so hold.”
Appellee would have this controversy devolve, then, into the question whether or not the reply tendered by the appellant presented the charge that execution of the release was obtained by fraud.
We accept the view that the seal imported a consideration but we cannot by such acceptance write finis to the dispute. There is no claim that appellant did not receive full payment for the item of damage to his car. But if he proves the allegations of his reply, he, who could not read, was led to believe that only this damage was involved and that upon executing the release his car would be returned to him in good repair. That, so he claims, was the *794 only matter under consideration at the time and could be accomplished by receiving in exchange for his signature the exact amount of the garage bill.
In the case of George v. Tate, 102 U.S. 564, 570, 26 L.Ed. 232, the Supreme Court of the United States remarked that it was “well settled that the only fraud permissible to be proved at law in these cases is fraud touching the execution of the instrument, such as misreading, surreptitious substitution of one paper for another, or obtaining by some other trick or device an instrument which the party did not intend to give.” (Italics supplied.) We see no difference in principle between misreading and withholding from a prospective releasor, who could not read, the information that he would, by execution of the instrument, release not only his claim for damage to his car, but also his claim for personal injuries.
Courts of other jurisdictions have dealt with the distinction between fraud in the execution of instruments and in the inducement to sign and have held that in the former instance the fraud may be established at law while in the latter it can only be established in equity. In the study of our own decisions, however, we have not discovered that we have recognized the distinction. For instance, in Florida East Coast Ry. Co. v. Thompson, 93 Fla. 30, 111 So. 525, a plea .of release had been interposed. By replication the plaintiff had charged that the release had been procured from him by fraud while he was still in the hospital as a result of his injury. It was also alleged that the plaintiff was illiterate and that the agents of the defendant represented that the instrument was a receipt for wages. All this, it was contended, amounted to fraud “in the factum.” The court seems to have dealt generally with fraud affecting the release without differentiating between fraud in inducement and in execution. True, the court referred to fraud in the “factum”. The court also discussed elements peculiar to fraud in inducement when the court commented [93 Fla. 30, 111 So. 527] that if a party is induced to sign a release by fraudulent representations “either as to the nature or extent of his injuries” or the “legal effect of the release,” he is not bound, in the absence, of course, of negligence on his part in failing to learn the true facts.
This court has often considered pleas affecting the validity of releases when the releases were presented as defenses in actions at law. Winter Park Telephone Co. v. Strong, 130 Fla. 755, 179 So. 289; Putnam Lumber Co. v. Berry, 146 Fla. 595, 2 So.2d 133; Lewis v. Motors Ins. Corp., Fla., 69 So.2d 666; Vasquez v. Simms, Fla., 75 So.2d 783.
A note on the subjects of fraud in execution and fraud in inducement and the attempts to distinguish them may be found in 134 A.L.R. 6.
We have the definite view that the appellant should have been allowed to file the amended reply and should be given an opportunity to prove its allegations.
We are not conscious of any reason to indulge in an academic discussion of the nebulous line of demarcation between a sort of fraud which may be pleaded in response to a defense of release in the law action and a kind of fraud that would send the plaintiff to an equity court to institute a suit attacking the validity of the release. The common denominator of both situations is fraud, an element peculiarly determinable in equity, and we cannot, in this day when all are concerned with a struggle to improve and expedite litigation and make it more inexpensive, accept the argument that the distinction urged should be recognized and that there should be two trials instead of one if the plea charges fraud in the inducement.
We think that under the statute and Rule 1.7, supra, a plaintiff may present an equitable plea to a release and that the true purpose of such a plea, the introduction of equitable principles to counteract the release pleaded, should not be split into two classifications. We, therefore, decide *795 that we will not recognize the distinction so ably argued by attorney for the appellee but will put in one category equitable replies to pleas of release, whether the reply be based on allegations of fraud in inducement or in execution. The merits of such pleas can, of course, be tested by direct attack.
The judgment is reversed with directions to proceed in accordance with the views expressed.
TERRELL, C. J., and HOBSON, THORNAL and O’CONNELL, JJ., concur.