COBB, J.
Appellant, Doris L. Koch, appeals a final judgment in favor of the appellee, Pringle Development, Inc. In April of 1996, Koch filed a complaint for breach of contract and breach of implied warranty in which she alleged that she had entered into two contracts with Pringle for the purchase of a lot and for the construction of a home on the lot. Subsequent to the construction of the home, in March 1993, physical indications of significant foundation settlement became manifest. Investigations by an engineering firm, Nor-darse, revealed evidence of large deposits of muck beneath Koch’s home. The report from Nordarse suggested “underpinning” as a remedial process. Pringle took full responsibility and promised Koch to provide a permanent solution to the problem.
Subsequently, Koch and her neighbors obtained a general contractor, All Systems, to oversee the underpinning project. Westfield, the insurance carrier for Pringle, paid All Systems for the underpinning work and obtained a release from Koch dated September 12,1994, which provided:
*656 RELEASE OF CLAIMS, ASSIGNMENT AND SETTLEMENT AGREEMENT FOR AND IN CONSIDERATION of the sum of Sixty-Three Thousand Seven Hundred Sixty-One & 46/100 $ * * * *63,76146* ******* receipt of which is hereby acknowledged, DORIS L. KOCH, ... does hereby release PRINGLE DEVELOPMENT, INC., its officers, directors and employees, ... from any and all claims and any damages whatsoever, in tort, in equity, in contract, or in any other manner whatsoever, including attorney fees, court costs and suit monies, that the Releasor may have had in the past, in the present or many have in the future pertaining to the damages sustained by her pertaining to any aspect regarding the construction of her residence ... including, but not limited to, damages resulting from any cracking in and/or settling of this specific residence and property. The Releasor acknowledges that she has received páyment in full for any and all claims that she may have whatsoever pertaining to any damages that she may have had in the past, in the present or in the future regarding the construction of her home....
Sometime thereafter, according to Koch, indications of continuing foundation settlement reappeared, and Koch sued Pringle for damages. Pringle’s answer asserted as its first affirmative defense the 1994 release. Koch replied to this affirmative defense with a claim in avoidance that Pringle should be estopped from relying on the release for reasons of mutual mistake of fact, unilateral mistake coupled with inequitable conduct, negligent misrepresentation, duress, undue influence and want or failure of consideration. She alleged, inter alia, that she had no recollection of seeing or signing the release in question.
Pringle filed a motion to sever for non-jury trial the “equitable issues” pertaining to whether the September 12, 1994, release should be canceled, nullified or rescinded.[1] The lower court, over objection, granted Pringle’s motion in regard to the issues of mistake and misrepresentation and a two day hearing was held, the transcripts for which are not part of the record on appeal. At the conclusion of the severed trial, the lower court ruled in favor of Pringle and found that the September 12, 1994 release executed by Koch should not be invalidated. Pringle then moved for summary judgment as to the remaining issues raised by Koch regarding the validity of the September 12, 1994 release, namely, the issues of duress, undue influence and want or failure of consideration. Koch apparently did not pursue her contentions of duress and/or undue influence initially raised in her reply, as she only argued that a question of fact existed as to whether there was consideration for the execution of the release. Specifically, Koch argued that the $63,761.46 paid by Pringle’s surety for the repairs made to her home is not the consideration she “bargained for.” Instead, her position is that the consideration for which she bargained was the promise of a “permanent solution” given by Pringle. The lower court granted Pringle’s motion for summary judgment, finding the terms of the release unambiguous. Following the entry of a final order, this appeal ensued.
Koch contends that the lower court erred by denying her right to a trial by jury on the issues of mutual mistake of fact, unilateral mistake and negligent misrepresentation. She further contends the lower court erred by granting Pringle’s motion for final summary judgment on the issues of want or failure of consideration. She relies on dictum in Jacksonville Terminal Company v. Misak, 102 So.2d 295 (Fla.1958) for the proposition that where a release is being challenged for mutual mistake a jury question is presented. Justice Thornal’s opinion cites to 45 AmJur. Releases, § 49, page 708, in support of this dictum. It is apparent, however, that the cited provision deals with the right of jury trial in relation to an issue of fraud, not the issue of recission based on mistake or *657 negligence. See also McGill v. Henderson, 98 So.2d 791 (Fla.1957).
We cannot agree with Koch’s major premise: that she was entitled to a jury trial on the equitable issue of recission by artificially framing it as simply a legal issue of estoppel. In effect, Koch argues that because the issue of the validity of the release she executed arises in the convoluted context of an avoidance to an affirmative defense rather than in the affirmative posture of an action for rescission, she is entitled to a jury trial in what would otherwise be a matter for resolution by the trial court. She urges that she is not seeking the affirmative relief of rescission but merely the defensive relief of estoppel. This sophistic argument was perceived by the trial court for what it is — smoke and mirrors. Koch cannot prevail upon her assertion of estoppel absent the implicit, if not explicit, rescission of the release by the trial court. Koch’s cause of action, if cause of action there be, lies not against Pringle but against her contractor who was paid by Prin-gle’s insurer to provide her relief from the damages occasioned by the muck and consequent settling of her house after the repair work.
Accordingly, the judgment of the trial court is AFFIRMED.
W. SHARP and ANTOON, JJ., concur.

. Rule 1.270 Consolidation; Separate Trials
(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, crossclaim, counterclaim, or third-party claim or of any separate issue or of any number of claims, crossclaims, counterclaims, third-party claims or issues.