URBAINE FIRE INSURANCE COMPANY, of Paris, France, a corporation, *Appellant,* v. ELSIE J. COMBS and GEORGE COMBS, JR., by his next friend, ELSIE J. COMBS, *Appellees.*

145 So. 585.

En Banc.

Opinion filed February 11, 1933.

*W. J. Oven* and *James Messer, Jr.,* for Appellant;

*Stokes, Phillips & Douglas,* for Appellees.

PER CURIAM.—This appeal is from an order overruling a demurrer to an amended bill of complaint seeking reformation of and recovery on a policy of fire insurance.

It appears by allegations of the bill of complaint that G. A. Combs died intestate leaving a widow and minor child. Decedent at his death owned land with a building thereon, and personal property in the building. His widow became the executrix of the estate of her husband. Subsequently the policy of insurance in litigation here was issued in the name of the widow alone, covering the building and personal property therein. After the property was destroyed by fire, the widow and the minor child by its mother as his next friend, brought the suit. The bill of complaint alleges that "complainants aver that they are not skilled in matters pertaining to fire insurance contracts and that they relied on the skill and experience of defendant and defendant's agents; that before entering into the contract of insurance aforesaid the complainant Elsie J. Combs went to the office of defendant and informed defendant that she wanted the said contract and policy written in such manner as to protect herself and George Combs, Junior, as the heirs of said estate, informing defendant that G. A. Combs was dead and that she was Administratrix of said estate, and that defendant was told and informed and actually knew that said Elsie J. Combs and George Combs, Junior, was the widow and only child respectively of said G. A. Combs, and his only heirs at law. That complainant, Elsie J. Combs, and the agent of defendant discussed the matters of said contract of insurance and thereupon Mr. J. T. Bennett, who was then and there the duly accredited resident agent of the defendant, and his clerk and office manager said and decided to write

said contract of insurance Exhibt "B" in the manner and form thereof and to name said Elsie J. Combs the assured thereunder in trust for the heirs of said estate; that defendant issued to complainants its contract and policy of insurance, Exhibit "B," by inadvertence and mistake, which said mistake was the mistake of defendant in writing said policy and of the complainants in accepting said policy believing it to be valid and enforcible; and that whereas it was the desire and intention of both complainants and defendant to insure the property mentioned in said policy and provide that any loss or damage suffered thereunder as the result of fire would be paid and made good to persons having the sole and unconditional ownership of the property, yet, by reason of the said mistake of defendant the said policy was erroneously executed."

Other allegations are not essential to be stated for a determination of the cause.

It is prayed that the court "decree to complainants a reformation of said contract of insurance, Exhibit "B," and that by decree of this Court it may be adjudged, declared and decreed that said contract of insurance be reformed to read and declare that complainants are the sole and unconditional owners of the property insured thereunder as the sole heirs of the estate of said G. A. Combs, deceased, and that said complainants, Elsie J. Combs and George Combs, Junior, be named and designated as the insured in and under said contract of insurance; and that this Court of Equity having taken jurisdiction of this cause will upon the final hearing thereof award to complainants the amount of the said sum of $1,000.00 due to complainants under said contract of insurance, together with costs and attorneys fees, and interest."

There is a prayer for general relief.

While the particular prayer may not be technically accurate, there are allegations admitted by the demurrer sufficient to state an equity for appropriate reformation consistent with the prayers and for a recovery on the policy as reformed, therefore the general demurrer to the bill of complaint was properly overruled.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.