67 So.2d 630 (1953)
SPEAR et al.
v.
MacDONALD et al.
Supreme Court of Florida. Division B.
October 20, 1953.
John A. Chilldon, Tampa, for petitioners.
Brown, Brown & Corcoran and Fowler, White, Gillen, Yancey & Humkey, Tampa, for respondents.
DREW, Justice.
Petitioners, plaintiffs below, petition for certiorari to review an interlocutory order of the lower court dismissing a complaint for reformation of three deeds and a mortgage.
Omitting the formal parts, the complaint is as follows:
*631 "1. That for sometime prior to February 2, 1950, the plaintiffs, J. Raymond Spear and H. Evelyn Spear, were the owners of the following described property located in Hillsborough County, Florida, to-wit: The W 514 1/2 ft. of the E 1/2 of NE 1/4; N 3/4 of the W 1/2 of the NE 1/4 and the SE 1/4 of the SW 1/4 of the NE 1/4 of Section 23, Township 27 South, Range 18 East.
"That your plaintiffs have attached hereto, made a part hereof and marked Exhibit I an approximate sketch of said parcels for the purpose of showing unto this court the location of the parcels with respect to each other.
"2. That thereafter the plaintiffs, J. Raymond Spear and H. Evelyn Spear, contracted with the plaintiffs, Erwin R. Pohlman and Irene E. Pohlman, to sell them a part of said land containing approximately fourteen acres and having approximately 1300 ft. of lake front, and contracted with the plaintiffs, Hugh P. Gibson and Bertha L. Gibson, to sell them a part of said land containing approximately one acre and having approximately 150 ft. of lake front.
"That as said land had not been subdivided the plaintiffs pencilled in on a copy of an aerial photo, the original of which is on file in the tax assessor's office, the portions of said land intended to be sold, and thereafter the plaintiffs, J. Raymond Spear and H. Evelyn Spear, procured the services of a registered surveyor to make a sketch of a portion of said property setting out thereon the dimensions thereof and a description of said property so that proper deeds could be drawn.
"That attached hereto, made a part hereof and marked Exhibit II, is a copy of said sketch and it was the intention of all plaintiffs that the South 150 feet of the land shown on said sketch was to be sold to said plaintiffs, Hugh P. Gibson and Bertha L. Gibson, and the remainder thereof to the plaintiffs, Erwin R. Pohlman and Irene E. Pohlman.
"3. That pursuant to the description given by said surveyors the plaintiffs, J. Raymond Spear and H. Evelyn Spear, by deed dated February 2, 1950 and recorded June 13, 1950, in Deed Book 1579, page 100, of the Public Records of Hillsborough County, Florida, conveyed to the Plaintiffs, Erwin R. Pohlman and Irene E. Pohlman, the property described as follows: NW 1/4 of the NW 1/4 of the NE 1/4 of Section 23, Township 27 South, Range 18 East; and the West 370 ft. of the SW 1/4 of the NW 1/4 of the NE 1/4 less the South 150 ft. thereof in Section 23, Township 27 South, Range 18 East, according to map or plat thereof recorded in the public records of Hillsborough County, Florida.
"That at the time of execution and delivery of said deed it was the intention of the parties that the plaintiffs, Erwin R. Pohlman and Irene E. Pohlman, were getting title to all the property shown on Plaintiffs' Exhibit II, except the southernmost 150 feet thereof, especially with reference to the amount of lake front shown; it being understood that the lake front footage imparted greater value to the land and that the plaintiffs, Erwin R. Pohlman and Irene E. Pohlman, would not have purchased said land were it not for the amount of the lake front footage.
"4. That pursuant to the description given by said surveyors the plaintiffs, J. Raymond Spear and H. Evelyn Spear, by deed dated February 2, 1950 and recorded on February 17, 1950, in Deed Book 1561, page 237 of the Public Records of Hillsborough County, Florida, conveyed to the plaintiffs, Hugh P. Gibson and Bertha L. Gibson, the property described as follows: The South 150 ft. of the West 370 ft. of the SW 1/4 of the NW 1/4 of the NE 1/4 of Section 23, Township 27 South, Range 18 East, as recorded in the public records of Hillsborough County, Florida.
"That at the time of execution and delivery of said deed it was the intention of the parties that the plaintiffs, Hugh P. Gibson and Bertha L. Gibson, were getting title to the southernmost 150 feet of the property shown on Plaintiffs' Exhibit II, especially with reference to the amount of lake front shown; it being understood that *632 the lake front footage imparted greater value to the land and that the plaintiffs, Hugh P. Gibson and Bertha L. Gibson, would not have purchased said land were it not for the amount of the lake front footage.
"5. That after the execution and delivery of the deed referred to in paragraph 3 hereof the plaintiffs, Erwin R. Pohlman and Irene E. Pohlman, took possession of the property intended to be conveyed to them by the plaintiffs, J. Raymond Spear and H. Evelyn Spear, and cleared and bulldozed the same which at the time of their taking was uncultivated; and are still in possession of said property.
"6. That after the execution and delivery of the deed referred to in paragraph 4, hereof, the plaintiffs, Hugh P. Gibson and Bertha L. Gibson, took possession of the said land and built a ditch near the southernmost tip of the property, shown on Plaintiffs' Exhibit II, for the purpose of draining other land which they owned, which other land adjoined to the west the property intended to be conveyed to them by the plaintiffs, J. Raymond Spear and H. Evelyn Spear; and are still in possession of the same.
"7. That after the plaintiffs, Erwin R. Pohlman and wife Irene E. Pohlman and Hugh P. Gibson and wife, Bertha L. Gisson, took possession of the property shown on Plaintiffs' Exhibit II and improved the same as set out in paragraphs 5 and 6 hereof, the plaintiffs, J. Raymond Spear and H. Evelyn Spear, entered into negotiations with the defendant, J. Clifford MacDonald, for the sale to said J. Clifford MacDonald and Georgie G. MacDonald, of the remainder of the property owned by said plaintiffs, J. Raymond Spear and H. Evelyn Spear, a description of which property is set out in paragraph 1 hereof. That during the negotiations the defendant, J. Clifford MacDonald, was shown plaintiffs' Exhibit II and informed that the property outlined thereon was not to be included in the sale and he was further taken over said property and the said property sketched in plaintiffs' Exhibit II was actually shown to him so that he knew that the parcels of which the plaintiffs, Erwin R. Pohlman and Irene E. Pohlman, his wife, and Hugh P. Gibson and wife Bertha L. Gibson, had taken possession were not to be included in the sale to him.
"8. That thereafter by deed dated October 15, 1951, recorded on the 15th day of October, 1951, in Deed Book 1649, page 54, of the public records of Hillsborough County, Florida, the plaintiffs, J. Raymond Spear and H. Evelyn Spear, conveyed to the defendant, J. Clifford MacDonald and wife Georgie G. MacDonald, the remainder of the property owned by him which was described in said deed as follows: E 1/2 of the NE 1/4, less East 805.5 feet thereof; the E 1/2 of W 1/2 of the NE 1/4; the NW 1/4 of the SW 1/4 of the NE 1/4 and the SW 1/4 of the NW 1/4 of the NE 1/4, less: Begin at NW corner of the SW 1/4 of the NW 1/4 of the NE 1/4, and run thence South 510 ft. more or less, to a point 150 ft. North of the SW corner of the SW 1/4 of the NW 1/4 of the NE 1/4, thence East 370 ft. thence run North 510 ft. more or less to North line of said tract, thence run West along North line of said tract 370 ft. to point of beginning, all in Section 23, Township 27 South, Range 18 East.
"That at the time of the execution and delivery of said deed all of the plaintiffs and the defendants knew that the parcels shown on plaintiffs' Exhibit II were not included in said sale.
"9. That on the 15th day of October, 1951, the defendants, J. Clifford MacDonald and Georgie G. MacDonald, executed in favor of the defendant, First Federal Savings & Loan Association, a mortgage covering the property deed to them and said mortgage contained the same description which was in the deed from the plaintiffs, J. Raymond Spear and H. Evelyn Spear, to the defendants, J. Clifford MacDonald and wife Georgie G. MacDonald, as set out in paragraph 8 hereof.
"That at the time of the execution and delivery of said mortgage the defendant, *633 First Federal Savings & Loan Association, knew that the parcel of land shown on plaintiffs' Exhibit II was not covered by said mortgage because it had been shown plaintiffs' Exhibit II and had been informed that the land shown thereon had already been conveyed to the plaintiffs, Erwin R. Pohlman and Irene E. Pohlman, and the plaintiffs, Hugh P. Gibson and Bertha L. Gibson.
"10. That thereafter the defendant, J. Clifford MacDonald, had a survey made of said property, a copy of which survey is attached hereto and made a part hereof, and marked plaintiffs' Exhibit III.
"That, as will appear from said survey, the description set out by the surveyors who prepared plaintiffs' Exhibit II was not accurate and that if the parties were to be bound by the descriptions contained in the deeds set out above the plaintiffs, Hugh P. Gibson and Bertha L. Gibson, would have no lake front property and the amount of the lake front property of the plaintiffs, Erwin R. Pohlman and Irene E. Pohlman, would be considerably less than was intended by the parties. That the parties intended that the plaintiffs, Erwin R. Pohlman and wife Irene E. Pohlman and Hugh P. Gibson and wife Bertha L. Gibson, were to get all the property lying between the Western boundary of the NE 1/4 of Section 23, Township 27 South, Range 18 East and the lake frontage set out on plaintiffs' Exhibit II, as the said plaintiffs, Erwin R. Pohlman and Hugh P. Gibson, owned property adjoining the said Western boundary.
"11. That in view of the fact that there were mutual mistakes of fact with respect to the description of the property in the above described deeds and mortgages, your plaintiffs pray as follows:
"(a) That the deed from J. Raymond Spear and H. Evelyn Spear to Erwin R. Pohlman and Irene E. Pohlman dated February 2, 1950 and recorded June 13, 1950, in Deed Book 1579, page 100 of the public records of Hillsborough County, Florida, be reformed so that the description therein will read as follows: Beginning at the NW corner of the NE 1/4 of Section 23, Township 27 South, Range 18 East, running thence Easterly along the Northern boundary of said section 859.3 feet, running thence Southerly approximately 666.96 feet to the Northern boundary of the S 1/2 of the NW 1/4 of the NE 1/4 of said section, running thence West along said Northern boundary of the S 1/2 of the NW 1/4 of the NE 1/4 of said section 308.3 feet, running thence Southerly approximately 667.37 feet to the Southern Boundary of the NW 1/4 of the NE 1/4 of said section, running thence Westerly along said Southern boundary 550 feet to the West boundary of the NW 1/4 of the NE 1/4; running thence Northerly along the Western boundary of the NW 1/4 of the NE 1/4 of said section 1335.6 feet to the point or place of beginning; less the Southernmost 150 feet of the West 550 feet of the SW 1/4 of the NW 1/4 of the NE 1/4 of said Section 23, Township 27 South, Range 18 East.
"(b) That the deed from J. Raymond Spear and H. Evelyn Spear to Hugh P. Gibson and Bertha L. Gibson, dated February 2, 1950 and recorded February 7, 1950, in Deed Book 1561, page 237 of the public records of Hillsborough County, Florida, be reformed so that the description therein will read as follows: The Southernmost 150 feet of the West 550 feet of the SW 1/4 of the NW 1/4 of the NE 1/4 of said Section 23, Township 27 South, Range 18 East.
"(c) That the deed from J. Raymond Spear and H. Evelyn Spear to J. Clifford MacDonald and Georgie G. MacDonald, dated October 15, 1951 and recorded on the same date in Book 1649, page 54, of the public records of Hillsborough County, Florida, be reformed so that the description therein will read as follows: E 1/2 of the NE 1/4 less East 805.5 feet; the E 1/2 of the W 1/2 of the NE 1/4, less the West 135 feet of the NE 1/4 of the NW 1/4 of the NE 1/4; the NW 1/4 of the SW 1/4 of the NE 1/4 and the SW 1/4 of the NW 1/4 of the NE 1/4 less the West 550 feet of the SW 1/4 of the NW 1/4 of the NE 1/4 of said Section 23, Township 27 South, Range 18 East.
*634 "(d) That the mortgage executed by J. Clifford MacDonald and wife Georgie G. MacDonald in favor of the First Federal Savings & Loan Association, which mortgage was dated October 15, 1951 and recorded on that day in Mortgage Book 935, page 451, be reformed so that the description therein will read as follows: E 1/2 of the NE 1/4 less E 805.5 feet; the E 1/2 of the W 1/2 of the NE 1/4, less the West 135 feet of the NE 1/4 of the NW 1/4 of the NE 1/4; the NW 1/4 of the SW 1/4 of the NE 1/4 and the SW 1/4 of the NW 1/4 of the NE 1/4 less the West 550 feet of the SW 1/4 of the NW 1/4 of the NE 1/4 of said section 23, Township 27 South, Range 18 East.
"(e) For such other and further relief as to this court may seem just and proper."
Exhibits No. I and No. III are unimportant to this decision. Exhibit No. II, however, is of material import. The following is a substantial reproduction thereof:
"(1) The NW 1/4 of the NW 1/4 of the NE 1/4 of Section 23 and
"(2) The West 370 ft. of the SW 1/4 of the NW 1/4 of the NE 1/4 of Section 23; in Township 27S., Range 18E., Hillsborough County, Florida.
"This certifies that the sketch below delineates approximately the above described property. (No survey made; description and sketch made by reference to aerial photos.)
 "Nov. 21, 1949
 "Sullivan, Humphreys and Sullivan
 By H.M. Sullivan
 Reg. Surveyor No. 550."

*635 It is clearly and unequivocally alleged in the complaint that the land actually conveyed to all three of Spears' grantees was neither the land he intended to convey nor the land they expected to receive. The complaint alleges that the actual result of the various instruments was not intended by a single party to any of the transactions. It is the rule in courts of law that parol evidence is inadmissible to vary the terms of a valid written instrument and that such instrument in itself is the best evidence of what the parties intended. Long ago, however, it was recognized that equity had a much broader field of action. The complaint in this case presents a classic example of a situation where equity not only has the power to but should afford relief in order to prevent a manifest injustice never contemplated by a single soul to the transaction. "Equity treats that as done which ought to have been done" is a maxim as old as the equity courts. The parties in this litigation ought to receive what each intended to receive and what was intended to be conveyed. A reformation of the various instruments as prayed will accomplish this result. See 45 Am.Jur. 584, Sec. 3; Kooman, Florida Chancery Pleading & Practice, Section 372; McRae v. McMinn, 17 Fla. 876; Jacobs v. Parodi, 50 Fla. 541, 39 So. 833; Williams v. Bettelini, 69 Fla. 193, 67 So. 857.
We have considered the point raised by respondents that the complaint is multifarious. We find no merit to this contention. The ends of justice will best be served by the procedure adopted of having all of the interested parties before the same court in the same action. Such procedure will simplify rather than complicate the trial of the cause and enable the lower court to do complete justice to all parties involved in the subject matter of the litigation. Farrell v. Forest Investment Co., 73 Fla. 191, 74 So. 216, 1 A.L.R. 25.
Certiorari is granted; the order of the Circuit Court, dated May 4, 1953, granting the motion to dismiss the complaint, is quashed and the cause remanded for further proceedings consistent with this opinion.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.