340 So.2d 541 (1976)
Cecil G. COOKE et al., Appellants,
v.
John E. FRENCH and Lovenia French, Appellees.
No. BB-328.
District Court of Appeal of Florida, First District.
December 21, 1976.
*542 William J. Roberts and Owen K. Goodwyne, Tallahassee, for appellants.
Harvie J. Belser, Bonifay, for appellees.
BOYER, Chief Judge.
Appellees brought suit for non-payment on a contract for the sale of land. Appellants filed their answer and a counterclaim, alleging misrepresentation and mutual mistake of fact as to the amount of acreage involved, requesting a court-ordered survey of the property to determine the exact amount of acreage and reformation of the contract with a reduction in the purchase price based on the reduced acreage as would allegedly be revealed by the survey. By this appeal appellants urge that the trial court erred in making certain findings of fact, in placing on appellants the burden of proof of establishing the number of acres involved, and in relying upon certain allegedly irrelevant facts in its finding that there was no mutual mistake of fact.
Appellees agreed to sell certain property located in Holmes County to appellant *543 Cooke on October 11, 1969. Appellant Cooke was shown the property by Mr. Wayne Carey, manager of the Caryville Office of the United Farm Agency, who told him that the property contained approximately 86.5 acres, which was the figure recited in the description of the property at that time. About one month after the sale, appellant Cooke sold a one-third interest in the property to appellants Jobe. Appellant Cooke listed the property for sale with real estate agent Leonard Landress, whose inquiries inspired investigation as to the correct acreage.
At trial there was testimony from a licensed Florida surveyor, Pleasy Collins, that the entire acreage of the property amounted to somewhat over 34 acres. A second registered Florida land surveyor, Thomas Jenkins, prepared a map of the property from aerial photographs of the area which showed the north side of the property measuring 1600 feet and the south side 1500 feet. Mr. Robert Slay, property appraiser for Holmes County, testified that the property had been described for years on Holmes County tax rolls as containing 86.50 acres, but that in 1974, the amount of acreage was changed by Honeycutt & Associates, who had not surveyed the property, to 58.17 acres. Appellant Cooke stated that he did not order a survey of the property himself because he did not have the money to do so.
Appellees established that a contract for sale had been signed and executed by the parties and that appellants had failed to make timely payments as required by the contract. In order to avoid the effect of such proof, appellants had to prove by a preponderance of the evidence that there was some legally recognized reason for their failure to pay and that they were entitled to relief.
Appellants failed to meet their burden. Their affirmative defenses and counter-claim were based on the theories of misrepresentation and mutual mistake of fact. Both theories, in turn, were based on the factual assumption that the acreage contained in the property was substantially less than 86.5. To prove misrepresentation, appellants were required to establish that the 86.5 acre figure as represented to them was inaccurate, while in order to prove mutual mistake, it was necessary to prove that the parties were mistaken in their belief that the property contained 86.5 acres. However, the evidence on that point was conflicting. As above recited, the testimony concerning the amount of acreage ranged from 34 acres in the opinion of Mr. Collins to an amount larger than 86.5 acres according to the map prepared by Mr. Jenkins. Thus, the trial court was quite correct in ruling that appellants did not meet their burden of proof.
Appellants also assert that the trial court placed upon them the burden of conclusively proving the exact amount of acreage in the disputed parcel. A reading of the trial transcript, however, reveals that the court did not in fact impose such a burden. The judge merely said that "defendant has not conclusively determined that there is any shortage of acres or certainly has not introduced enough testimony before me to make a finding other than a mere guess that it be error." The record supports the conclusion that appellants did not establish, either conclusively or by a preponderance of the evidence, that there was a shortage. The law is well settled that before a court of equity will either rescind or reform an apparently valid contract, there must be satisfactory proof of an accident, fraud, mistake, or other ground upon which such relief can be granted. (See 5 Fla.Jur., "Cancellation, Reformation, and Rescission of Instruments", Section 4 et seq.) (Sub judice, rescission was not sought.)
Nor does the record reveal that the trial judge based his decision upon a determination of waiver or laches, nor upon an implicit holding that appellant Cooke, by virtue of his holding a license as a Florida real estate broker, was not entitled to rely upon appellees' representations as to the amount of acres. Placed within the context of the final hearing, the remarks of the trial court now objected to by appellants indicate that *544 the court felt that appellant Cooke's status as a registered real estate broker and the fact that he continued making payments for a substantial period of time after becoming aware that there might have been a shortage in the amount of acreage supported the court's conclusion that appellants had not established at trial that there was in fact a shortage.
Finally, we observe that the trial court was also correct in refusing to order a survey of the property. Notwithstanding the desirability of determining the correct acreage, the trial court had no authority under the facts of this case to order such a survey which appellants suggested should be taxed as costs to one or both of the parties. No funds were available to pay the surveyor, there was no evidence that the value of land was such as to secure a lien for the cost thereof, and appellant Cooke had already testified that he had not ordered a survey himself because of his inability to pay for same.
Appellees have filed a motion for attorney's fees. No legal basis therefor having been cited, the motion is denied.
AFFIRMED.
McCORD and MILLS, JJ., concur.