364 So.2d 878 (1978)
Jack NAPOLI, Jr., a Deceased Minor, by and through His Parent and Legal Guardian, Jack Napoli, Sr., Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, a Foreign Corp. Authorized to Do Business in the State of Florida, Appellee.
No. 77-889.
District Court of Appeal of Florida, Fourth District.
December 6, 1978.
Rehearing Denied December 20, 1978.
David R. Howland of Ress, Gomez, Rosenberg, Berke & Howland, P.A., North Miami, for appellant.
Peggy J. Tribbett of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
DAUKSCH, Judge.
This is an appeal from a final judgment entered after a directed verdict was granted to the insurance company on a question of coverage.
In this action for declaratory relief the question is whether Jack Napoli, Jr. was a "named insured" on a policy which carried death benefits only for those persons who were listed in Item 1 of the policy as "Named Insured and Address." It is undisputed the name Jack Napoli, Jr. does not appear on the policy but both the parents of this decedent testified they intended for him to be carried as a named insured and there is an endorsement of record which says "add Jack Napoli, Jr." and his date of birth.
While the testimony of the parents and the insurance company's endorsement do not conclusively prove Jack Napoli, Jr. was *879 a named insured for death benefits coverage this evidence is sufficient prima facie to support the allegations in the count charging reformation of contract. The standard of proof in reformation of contracts cases is "clear and convincing" as was held in Allstate Insurance Company v. Vanater, 297 So.2d 293 (Fla. 1974). However this is not the standard which must be met for purposes of a directed verdict. If a party presents evidence in support of its allegations that evidence is presumed to be true and every favorable conclusion or inference which can be reasonably and logically drawn from the evidence should be given to that party. All questions and inferences must be resolved against the party moving for a directed verdict and for the other party. Memorial Park, Inc. v. Spinelli, 342 So.2d 829 (Fla.2d DCA 1977). When the parents testified they called the company to add their son as a named insured and the company executed a change endorsement to "add son Jack Napoli, Jr. 2-2-54" it is logical and reasonable to conclude or infer Jack Napoli, Jr. was added as a named insured. Of course this might be proved otherwise by the evidence later presented but it is sufficient to prevent a directed verdict. The judgment is reversed and this cause remanded for new trial.
REVERSED AND REMANDED.
DOWNEY, C.J., and ANSTEAD, J., concur.