372 So.2d 1000 (1979)
Jeffrey AYR and William Dubois, Appellants,
v.
Mitchell CHANCE et al., Appellees.
No. 77-2651.
District Court of Appeal of Florida, Fourth District.
July 11, 1979.
Jerome R. Schechter of Law Offices of Wallack & Schechter, Fort Lauderdale, for appellants Ayr and DuBois.
Richard L. Wagenheim of Golding & Wagenheim, Fort Lauderdale, for appellant Ayr.
Arnold Blostein, Fort Lauderdale, for appellant DuBois.
Pyszka, Kessler & Adams, and Jay H. Hernberg, Fort Lauderdale, and Larry Klein, West Palm Beach, for appellees Mitchell Chance and Reserve Ins. Co.
ANSTEAD, Judge.
This appeal is from an order of the trial court granting summary judgment to the appellee-defendants, Mitchell Chance and Reserve Insurance Company, on the basis of a release executed by the appellant-plaintiffs, Jeffrey Ayr and William DuBois, completing the settlement of their personal injury claims against other parties to the action.
Plaintiffs filed an action for damages for personal injuries sustained as a result of the alleged negligent operation of a motor vehicle driven by Mitchell Chance and owned by David Chance, who was not in the vehicle at the time of the accident. David Chance was insured by Heritage Insurance Company *1001 of America, whose policy provided for primary liability insurance coverage on the accident with limits of 10,000/20,000. Mitchell Chance, the driver, was insured by Reserve Insurance Company, whose policy provided excess coverage for the accident, not to be invoked until any primary liability insurance policy limits were exhausted. Plaintiffs filed suit against both Chances and their insurance companies claiming damages sufficient to recover under both policies.
During the course of the lawsuit, plaintiffs settled their claim against David Chance and Heritage, dismissing the cause against them, when Heritage agreed to pay each of the plaintiffs their policy limits. This settlement culminated in the execution of a release discharging not only David and Heritage, but "all other persons, firms, corporations, associations or partnerships of and from any and all claims... ." It is undisputed that the plaintiffs did not intend, by executing the release, to discharge the primary tortfeasor, Mitchell Chance, and Reserve, against whom the lawsuit remained pending. The attorney representing David Chance and Heritage in the settlement negotiations also indicated, in a deposition taken by plaintiffs, that he drafted the release, which was a printed form with blanks, without the intention of releasing Reserve. The attorney further stated that the release had originally included Mitchell Chance's name as a specifically released party and that Mitchell's name was deleted at the request of plaintiff's counsel because it was contemplated that the lawsuit was to remain pending against Mitchell and Reserve. Before trial Mitchell and Reserve amended their answer to assert the defense of release. The trial court subsequently granted their motion for summary judgment, holding that the defendants had been released by the broad language contained in the written release quoted, supra.
In Hurt v. Leatherby Insurance Co., 354 So.2d 918 (Fla. 4th DCA 1978), this court held that the clear and unambiguous terms of a release, similar to the one sub judice, may not be avoided upon a claim of unilateral mistake. Quarterman v. City of Jacksonville, 347 So.2d 1036 (Fla. 1st DCA 1977)[1]; Weatherford v. Ryder Truck Rental and Leasing, 344 So.2d 937 (Fla. 3d DCA 1977); Dean v. Bennett M. Lifter, Inc., 336 So.2d 393 (Fla. 3d DCA 1976); Hester v. Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976). However, here appellants claim the form of the release was the product of a mutual mistake.
It is universally recognized that parol evidence is admissible to alter the terms of a written agreement when it is shown that by reason of mutual mistake the true intention of the parties is not expressed therein. Spear v. MacDonald, 67 So.2d 630 (Fla. 1953); 30 Am.Jur. Evidence § 1037 (1967). Justice Drew could well have been talking about this case when he stated in Spear v. MacDonald, supra:
The complaint in this case presents a classic example of a situation where equity not only has the power to but should afford relief in order to prevent a manifest injustice never contemplated by a single soul to the transaction. "Equity treats that as done which ought to have been done" is a maxim as old as the equity courts. The parties in this litigation ought to receive what each intended to receive and what was intended to be conveyed. Id. at 635
As in Spear, the plaintiffs claim that no one intended that language discharging Mitchell and Reserve be included in the release executed to conclude the settlement with David and Heritage. If parties may be relieved of unintended language included in a deed, why should this relief not also be *1002 granted when unintended language is included in a release? We believe such relief should be and is available to a party who can sustain the burden of proof on the issue of mutual mistake. The Third District Court of Appeal has reached the same result in a recent decision involving a similar factual situation. Alexander v. Kirkham, 365 So.2d 1038 (Fla. 3d DCA 1978).
The plaintiffs, through the testimony of the lawyer representing David and Heritage, have raised an issue of fact as to whether the language contained in the release was included therein by mutual mistake. This material issue of fact precludes the entry of a summary judgment.
The plaintiffs have also claimed procedural error in that the appellees did not comply with the 20 day notice requirement for the disposition of motions for summary judgment. Babb v. Lincoln Auto Finance Co., 133 So.2d 566 (Fla. 3d DCA 1961). In view of our disposition of the substantive issue involved it is not necessary to resolve this issue. However, on remand we believe the plaintiffs should be given an opportunity to file a reply to the affirmative defense of release asserted by the appellees before that issue is resolved.[2]
Accordingly, the final summary judgment is hereby reversed with directions for further proceedings consistent with this opinion.
LETTS, J., and GREEN, R.A., Jr., Associate Judge, concur.
NOTES
[1] Although the First DCA, on rehearing in Quarterman, supra, held that the unambiguous terms of a release may not be varied by parol evidence where to do so could subject a party to the release to further liability for a plaintiff's injuries, that situation is not presented in this case. The party specifically released here was a party only vicariously liable to the plaintiffs and could not have been liable to appellees for indemnity or contribution, regardless of the legal effect of the release.
[2] As in Alexander, the parties have informed us that there is a separate suit pending in the trial court on the issue of reformation of the release.