408 So.2d 741 (1982)
Norma Jurado GONZALEZ, Appellant,
v.
TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, Appellee.
No. 80-2131.
District Court of Appeal of Florida, Third District.
January 12, 1982.
Lanza, Sevier & Womack, Coral Gables, and Judith A. Bass, Miami, for appellant.
High, Stack, Lazenby, Bender, Palahach & Lacasa and R. Scott Boundy, Miami, for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and OWEN, WILLIAM C. Jr., (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
Norma Gonzalez was insured under an automobile insurance policy issued by The Travelers Indemnity Company of Rhode Island. The policy, inter alia, provided Gonzalez with personal injury protection and uninsured motorist benefits. Gonzalez was injured in an automobile accident caused by an uninsured motorist and presented a P.I.P. claim to Travelers. When Travelers denied her claim, Gonzalez sued in the Circuit Court in and for Dade County, Florida, Case No. 76-35110. Ultimately, Gonzalez accepted Travelers' offer of judgment of $2,447.04, was paid, and executed a release. Thereafter, Gonzalez filed a demand for arbitration for uninsured motorist benefits. Travelers then brought an action seeking a declaration that Gonzalez's claim for uninsured motorist benefits was barred by the release she signed. The trial court, determining that the release clearly and unambiguously prevented Gonzalez from making any claim for uninsured motorist benefits, entered a summary final judgment in favor of Travelers.
*742 Assuming, arguendo, that the release is clear and unambiguous,[1] that finding is not dispositive of Gonzalez's counterclaim for reformation which alleged, in essence, that the release did not express the intent of the parties that the claim for uninsured motorist benefits was not to be released. Gonzalez properly points out that the evidence concerning the intent of the parties was not undisputed and that, therefore, Travelers was not entitled to summary judgment on Gonzalez's counterclaim. The record indeed reflects that (1) Travelers' claims manager informed his home office, "... we settled the P.I.P. portion of the claim by paying the additional benefits due ..."; (2) when the uninsured motorist claim was filed, Travelers' claims manager wrote to Travelers' counsel, "you previously handled P.I.P. suit  if you need additional information please advise. Why don't you give me a call and we can discuss what discovery is necessary and what discovery was done on P.I.P. suit"; (3) the cover letter transmitting the settlement drafts to Gonzalez stated, inter alia, "[t]hese drafts constitute full and complete settlement of your claim for Personal Injury Protection Benefits"; (4) Travelers' attorney could not recall any conversation in which Gonzalez's attorney told him that the lawsuit would settle all of Gonzalez's claims and could not recall any understanding with Gonzalez's attorney with respect to the uninsured motorist claim. It is clear where an agreement does not carry out the intent of the parties or violates such intent, equity will reform the contract. See Vasquez v. Simms, 75 So.2d 783 (Fla. 1954); Royal Insurance Company Limited v. Smith, 158 Fla. 472, 29 So.2d 244 (1947); Poland v. Phillips, 371 So.2d 1053 (Fla. 3d DCA 1979); Alexander v. Kirkham, 365 So.2d 1038 (Fla. 3d DCA 1979); Napoli v. Liberty Mutual Insurance Company, 364 So.2d 878 (Fla. 4th DCA 1978); Florida Cranes, Inc. v. Florida East Coast Properties, Inc., 324 So.2d 721 (Fla. 3d DCA 1976); Niagara Fire Insurance Company v. Allied Electrical Company, 319 So.2d 594 (Fla. 3d DCA 1975); Hanover Insurance Company v. Publix Market, Inc., 198 So.2d 346 (Fla. 4th DCA 1967); Ormsby v. Ginolfi, 107 So.2d 272 (Fla. 3d DCA 1959); accord, Palilla v. St. Paul Fire and Marine Insurance Company, 322 So.2d 46 (Fla. 1st DCA 1975); see also Meyer v. Aetna Casualty & Surety Company, 360 So.2d 462 (Fla. 3d DCA 1978); Urbaine Fire Insurance Company of Paris, France v. Combs, 108 Fla. 262, 145 So. 585 (1933).
Accordingly, holding that there existed genuine issues of material fact as to whether the release expressed the intent of the parties, we reverse the judgment of the trial court with directions that a trial on Gonzalez's claim for reformation of the release be held.
Reversed and remanded with directions.
NOTES
[1] The pertinent language of the release in question states:

"This Release covers any and all claims for personal injuries, known or unknown, past and future; mental and physical pain and suffering, loss of earnings or earning capacity; ... any and all claims which have arisen or may arise as a result of the described acts which is the subject matter of the suit pending in the Circuit Court in and for Dade County, Florida, Case No. 76-35110."
We need not decide whether the trial court's view that the release is clear and unambiguous is correct. While the document purports to release "any and all claims for personal injuries, known or unknown, past and future," it is arguable that that seemingly all-inclusive language is later qualified by more restrictive language referring to "any and all claims which have arisen or may arise as a result of the described acts which is the subject matter of the suit pending in the Circuit Court in and for Dade County, Florida, Case No. 76-35110." However, the subject matter of the suit was a claim for P.I.P. benefits, not a claim for uninsured motorist benefits. While an argument can certainly be made that the "described acts" are the subject matter of the suit, the use of the singular, i.e., "which is the subject matter," can be equally, if not more plausibly read to qualify "any claim." The term "subject matter" itself is imprecise. Switow v. Sher, 136 Fla. 284, 186 So. 519 (1939); Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927). Moreover, it is undisputed that Travelers authored the release, and therefore, the language would be construed against it.