430 So.2d 951 (1983)
Diane M. MILFORD and Government Employees Insurance Company, Appellants,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 82-2299.
District Court of Appeal of Florida, Third District.
April 26, 1983.
Rehearing Denied May 25, 1983.
*952 Mitchell, Harris, Canning, Murray & Usich, Miami, for appellants.
Robert A. Ginsberg, County Atty. and Robert A. Duvall, Asst. County Atty., for appellee.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Christine Finlay sued Diane Milford[1] for damages arising out of a collision between a motorcycle driven by Finlay and a car driven by Milford. Milford brought a third-party complaint against Metropolitan Dade County for contribution. Thereafter, Milford and Finlay settled and executed a release which omitted mention of the County.
The County moved for summary judgment on the ground that Milford's action for contribution could not lie in the face of a release which did not extinguish the County's liability to Finlay. The County's motion for summary judgment was met by Milford's motion to reform the release accompanied by affidavits of counsel for Milford and Finlay, which stated, in pertinent part, that the release did not accurately reflect the intention of their clients in that it failed to set forth that any and all other parties, including Dade County, were to be released from all liability to Finlay and was thus entered into as a result of a mutual mistake. The trial court entered summary judgment for the County. Milford appeals and we reverse.
Milford concedes that her right of contribution from the County derives solely from Section 768.31, Florida Statutes (1979), see South Carolina Insurance Company v. Ryder Truck Rental, Inc., 425 So.2d 1199 (Fla. 2d DCA 1983), and is, therefore, conditioned on her (as the settling tortfeasor) having extinguished in the settlement the liability of the other tortfeasor, the County. § 768.31(2)(d), Fla. Stat. (1979).[2]Woods v. Withrow, 413 So.2d 1179 (Fla. 1982). She simply argues that it was the intention of the parties to the settlement to extinguish the County's liability and that such intention should be put into effect by reforming the release, which, in turn, would activate Milford's right to contribution.
The fact that the release as written unambiguously fails to extinguish the County's liability is plainly not dispositive and, indeed, is irrelevant to Milford's claim for reformation. Gonzalez v. Travelers Indemnity Company of Rhode Island, 408 So.2d 741 (Fla. 3d DCA 1982). Where an agreement does not carry out the intent of the parties or violates such intent, equity will reform the agreement. Id. at 742. Of course, such relief is equally available to one seeking to reform a release because of mutual mistake, Gonzalez v. Travelers Indemnity Company of Rhode Island, 408 So.2d 741; Ayr v. Chance, 372 So.2d 1000 (Fla. 4th DCA 1979); Alexander v. Kirkham, 365 So.2d 1038 (Fla. 3d DCA 1978). And, contrary to the County's argument, Milford is not required to bring an independent action to obtain the relief of reformation.[3]See Gonzalez v. Travelers Indemnity Company of Rhode Island, 408 So.2d 741 (summary judgment for insurer based on release of uninsured motorist benefits reversed and case remanded for trial on insured's *953 claim that release did not express actual intent of the parties to preserve the right to such benefits and should be reformed); Ayr v. Chance, 372 So.2d 1000 (summary judgment for defendants based on release discharging them from any and all claims reversed and case remanded for resolution of issue of fact as to whether release a product of mutual mistake).
The County's argument that the release in question, since it so specifically and deliberately limited the parties to be released, could not have been the product of mutual mistake, raises at best a question of fact to be resolved by the trial court at an evidentiary hearing to be held on the appellant's motion to reform. All we decide is that there exists a genuine issue of material fact as to whether the release, upon which the summary judgment was founded, expressed the intent of the parties and that, therefore, summary judgment was precluded.
Reversed and remanded for further proceedings.
NOTES
[1] All references to Milford are intended to include her insurer, G.E.I.C.O.
[2] The section provides:

"RIGHT TO CONTRIBUTION 
"(d) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement or in respect to any amount paid in a settlement which is in excess of what was reasonable."
[3] Although Alexander v. Kirkham, 365 So.2d 1038, involved an independent action, that, needless to say, is hardly a reason to claim, as the County does, that an independent action is the exclusive method for reforming a release. Moreover, the fact that Finlay is no longer a party to the present action, and reformation of the release to which Finlay was a signator cannot be accomplished without her, does not, ipso facto, compel an independent action. While Finlay's rights in respect to the release cannot be adjudicated without her, jurisdiction over her can be reacquired either by consent or some appropriate procedural device.