LEHAN, Judge.
In this action for reformation of a deed on grounds of mistake and unjust enrichment, plaintiff/mother contended that the deed to her home erroneously recited title to be in her and her son’s names as joint tenants with rights of survivorship. She contended that she entrusted the closing of the purchase to her son and did not discover that her son was a joint owner until after she received the deed in the mail. At the close of plaintiffs evidence the trial court granted defendant’s motion for dismissal with prejudice and entered judgment for defendant. Finding that the trial court erred in excluding parol evidence of the parties’ intentions regarding the ownership of the home, we reverse and remand for new trial.
In Roberts v. Pfeiffer, 135 So.2d 246 (Fla. 2d DCA 1961), cert. denied, 140 So.2d 116 (Fla.1962), this court held that parol evidence may be used to reform a deed.
Though it is true at law that parol evidence is inadmissible to vary the terms of a written instrument which is itself deemed to be the best evidence of what the parties intended, a court of equity is afforded much wider latitude. Equity may reform an instrument to express the true intent of the parties and in so doing will give consideration to equities arising from facts completely alien to the sense and construction of the instrument itself.
Id. at 248. See Spear v. MacDonald, 67 So.2d 630 (Fla.1953) (equity will allow parol evidence to reform a deed to reflect the intent of the parties).
The excluded evidence in this case included testimony of the mother, her daughter and the seller; the purchase contract; and letters from the mother’s attorney, the son, and the seller. On retrial, if a proper predicate is laid, that evidence should be admitted. The parol evidence rule does not bar its admission.
REVERSED AND REMANDED FOR NEW TRIAL.
RYDER, A.C.J., and SCHOONOVER, J., concur.