POLEN, Judge.
The appellees were injured in an automobile accident with a car driven by Mr. Bat-aille. The car was owned by the appellant’s insured, the Forestiers. The appel-lees settled their claim with the Forestiers in an agreement negotiated by the appellant. When a release was drafted, the appellees signed it despite the fact that it contained Bataille’s name as one of the parties being released. When the appellees learned that Bataille was going to use the release to defend a claim against himself and his own insurance carrier, an action was brought for reformation of the release based on mutual mistake.
The trial court considered the evidence submitted by the parties and entered final summary judgment for the appellees. As a consequence of the final judgment, the release was reformed to exclude Bat-aille. The appellants argue that the trial court erred in granting summary judgment for the appellees because there was at least one issue of material fact to be decided; namely, what the parties intended in adding Bataille to the release. We agree with the appellant and we therefore reverse.
There was evidence to the effect that Bataille was not an intended beneficiary of the release but there was also evidence that Bataille was included because he was an omnibus insured of the appellant. The intention of the parties is of critical importance in an action for reformation since it is on such intentions that a document is reformed or not. Further, if a document is to be reformed, it should reflect the true intention of the parties. Alexander v. Kirkham, 365 So.2d 1038 (Fla. 3d DCA 1979). What the parties intended in the present case still remains to be decided.
We do not hold that the conclusion reached by the trial court was erroneous per se, but we find that there was error in granting summary judgment in light of a remaining issue of material fact to be decided. Fla.R.Civ.P. 1.510. The trial court should allow the case to continue and make appropriate findings after a final hearing.
There was no merit to the appellant’s argument that parol evidence is inadmissible in cases such as the one at bar. Where there is an issue of mutual mistake we have held that parol evidence is admissible. Ayr v. Chance, 372 So.2d 1000 (Fla. 4th DCA 1979).
We reverse the final summary judgment and remand to the trial court for further proceedings in accordance with this opinion.
DOWNEY and ANSTEAD, JJ., concur.