PER CURIAM.
Sunset Centres, Inc., the landlord on a shopping center lease, appeals from a summary judgment determining that the lease terms do not prohibit Star Value, the tenant, from selling prescription drugs or selling and renting videotapes. We affirm in part and reverse and remand in part.
The lease clause in question provides:
Tenant shall use the leased premises solely for the purpose of conducting business of: sale at retail of any merchandise generally sold in department stores and general merchandise stores or any other legal use except prescription drugs so long as Eckerd shall maintain a pharmacy in the shopping center.
It is undisputed that Eckerd never opened a pharmacy in the center. Rather, the premises was initially rented to Gray Drugs and subsequently to Rite-Aid Drugs.
The tenant instituted this action seeking to expand its retail business to include a pharmacy and the rental of videotapes. The trial court determined that the lease was clear, certain, complete and unambiguous as a matter of law. Therefore, the trial court refused to admit parol evidence to explain the intention of the parties to the lease, and granted the tenant’s motion for summary judgment.
*367 An order of summary judgment must be reversed when an issue of material fact exists as to whether language contained in a contract was included due to a mutual mistake made by the contracting parties. Ayr v. Chance, 372 So.2d 1000, 1002 (Fla. 4th DCA 1979). Parol evidence is admissible to prove that such a mistake was made. Spear v. MacDonald, 67 So.2d 630 (Fla.1953); Ayr, 372 So.2d at 1000.
In this case, the trial court erred by refusing to admit parol evidence which would prove that due to mutual mistake, the lease in question did not express the true intent of the parties to the lease. Specifically, the landlord claims that the lease in question was meant to prohibit the tenant from operating a pharmacy or renting or selling videotapes as long as the anchor drugstore tenant leased space at the shopping center. The landlord contends that at the time the lease was drafted, the parties to the lease erroneously believed that Eck-erd would be the anchor drugstore tenant at the shopping center. Therefore, a substantial issue of material fact exists as to whether both parties to the lease were under a mutual mistake of fact as to the identity of the anchor drugstore.
The language of the lease clearly and unambiguously reflects that the tenant could rent and sell videotapes, regardless of whether Eckerd, or any other anchor drugstore, leased in the shopping center. Here, we affirm the trial court’s order of summary judgment to the extent that it permits Star Value to sell and lease videotapes. However, the trial court’s order of summary judgment is reversed and remanded to the extent that it permits Star Value to sell prescription drugs, since parol evidence may have proven that the parties to the lease were mutually mistaken as to the identity of the store whose presence would preclude such sales.
ANSTEAD, STONE and WARNER, JJ., concur.