PETERSON, Judge.
Rie Abernethy appeals a final summary judgment entered in favor of National Union Fire Insurance Company of Pittsburgh, Pa.(“National Union”) dismissing his medical payments (med pay) bad faith claim.
Abernethy obtained a jury award of $34,667.22 against Florida Auto Auction of Orlando, Manheim Auctions, Inc. (“Florida Auto Auction”), for personal injuries he sustained in an auto accident. Notwithstanding the award, Abernethy and Florida Auto Auction entered into a settlement agreement in which Florida Auto Auction agreed to pay Abernethy the amount of the jury award and Abernethy agreed 'to dismiss the case with prejudice. As part of the agreement, Aber-nethy signed a release which provided in pertinent part:

GENERAL RELEASE OF ALL CLAIMS

Releasor ... does hereby fully and completely release and discharge Releasees, Florida Auto Auction of Orlando, Manheim Auctions, Inc., a Division of Cox Enterprises, National Union Fire Insurance Company and Crawford & Company, from any and all claims, rights and actions whatsoever.
NOW, THEREFORE in consideration of Thirty-four Thousand Six Hundred Seventy-Seven and 22/100 Dollars ($34,677.22) to the Releasor in hand paid, the Releasor agrees as follows:
The Releasor does hereby ... release, discharge, acquit, defend and hold harmless Releasees ... from any and all claims, actions, causes of action, demands, payments, attorneys’ fees, benefits, rights, damages, costs, loss of service, hens, expenses and compensation whatsoever which the Releasor now has or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen, bodily and mental personal injuries and property damage and any consequences thereof resulting or to result from the accident, casualty or event which occurred on or about the 10th day of January, 1995, at or near 11801 W. Colonial Drive, Ocoee, Orange County, Florida.
At the time of the settlement between Florida Auto Auction and Abernethy, there was pending a med pay bad faith action against National Union which Abernethy had previously filed and which is the subject of the present appeal. Abernethy alleged in his bad faith action that National Union failed to pay for his injuries which occurred on the premises of Florida Auto Auction, Inc. and which were covered under a med pay provision of a policy issued by National Union.
National Union moved for summary judgment based upon Abernethy’s release of it “from any and all claims.” Abernethy’s counsel in opposition filed an affidavit insist *198 ing that the scope of the release did not include the med pay bad faith claim and that National Union’s defense counsel understood that the settlement included only matters arising out of the jury verdict and that the med pay bad faith claim would continue. Abernethy also submitted as evidence a letter from National Union’s counsel, who was also the counsel for Florida Auto Auction, that indicates he was aware of the fact that Abernethy was still pursuing its bad faith action against National Union notwithstanding Abernethy’s settlement with Florida Auto Auction. The trial court denied Abernethy’s motion to reform the release and granted National Union’s motion for summary judgement. This appeal ensued.
Abernethy asserts that he executed the general release with the understanding by all of the parties that it would only conclude his claim for personal injuries against the insured, Florida Auto Auction, Inc., and that his med pay suit against National Union for its alleged failure to make medical payments would continue. Significantly, National Union does not deny Abernethy’s assertion of mutual mistake, and presented no evidence otherwise regarding the discussions surrounding Abernethy’s med pay bad faith claim. Instead, National Union refers only to the release, itself, claiming that the language of the release unambiguously covers “any and all claims,” including the med pay bad faith claim. National Union further asserts that because the plain language of the release is clear and unambiguous, parole evidence regarding the parties intent should not be considered.
National Union, however, overlooks the fact that Abernethy sought reformation of the release due to the parties’ mutual mistake regarding its scope, and parole evidence is admissible under those circumstances to determine the true intent of the parties. See Ayr v. Chance, 372 So.2d 1000 (Fla. 4th DCA 1979)(it is universally recognized that parole evidence is admissible to alter the terms of a written agreement when it is shown that by reason of mutual mistake the true intention of the parties is not expressed therein); see also Milford v. Metropolitan Dade County, 430 So.2d 951 (Fla. 3d DCA) (the fact that the release is unambiguously written is not dispositive and, indeed, is irrelevant to plaintiffs claim for reformation), review denied, 440 So.2d 352 (Fla. 1983); Gonzalez v. Travelers Indem. Co. of Rhode Island, 408 So.2d 741 (Fla. 3d DCA 1982) (assuming, arguendo, that the release is clear and unambiguous, that finding is not dispositive of plaintiffs counter-claim for reformation which alleged in essence, that the release did not express the intent of the parties).[1]
Abernethy provided evidence that created a conflict with National Union’s position that the general release included the med pay bad faith claim. The affidavit by Aber-nethy’s counsel clearly averred that the settlement negotiated between himself and counsel for Florida Auto Auction, significantly the same counsel for Nation Union, only covered matters arising out of the jury verdict for Abernethy’s personal injury claim against Florida Auto Action. Abernethy further provided evidence substantiating his counsel’s affidavit in the form of a letter from Florida Auto Auction and National Union’s counsel. The letter, dated January 28, 1997, more than a year after Abernethy signed the general release, specifically inquired into the status of the med pay bad faith claim against National Union. Moreover, evidence of mutual mistake can be inferred from the amount of the settlement, $34,667.22, the exact amount of the adjusted jury verdict award. This amount suggests that no separate consideration was given for the release of Abernethy’s med pay bad faith claim against National Union and only settlement of the personal injury action was contemplated.
There exists a genuine issue of material fact as to whether the release, upon which the summary judgment was founded, expressed the intent of the parties. According *199 ly, the judgment of the lower court is vacated and the matter is remanded for further proceedings.
JUDGMENT VACATED; REMANDED.
GOSHORN and HARRIS, JJ., concur.

. Ayr, Milford, and Gonzalez are not cited to by the parties, and we decline to follow Vega v. Western Employers Ins. Co., 170 Cal.App.3d 922, 216 Cal.Rptr. 592 (4 Dist. 1985), abrogated by Moradi-Shalal v. Fireman's Fund Ins. Companies, 46 Cal.3d 287, 250 Cal.Rptr. 116, 758 P.2d 58 (1988), as suggested by Abernethy.