980 So.2d 1217 (2008)
Patrick FLYNT, Appellant,
v.
PROGRESSIVE CONSUMERS INSURANCE COMPANY, et al., Appellees.
No. 5D07-1428.
District Court of Appeal of Florida, Fifth District.
May 2, 2008.
*1218 Rev. James T. Golden, Bradenton, for Appellant.
Jennifer J. Card and Scot E. Samis of Abbey, Adams, Byelick, Kiernan, Mueller, Marone & Samis, LLP., St. Petersburg, for Appellees.
EVANDER, J.
Flynt appeals from a final summary judgment entered in favor of the defendants below, Progressive Consumers Insurance Company and Lashon Jarrells. We find that the affidavit filed in support of the defendants' motion for summary judgment was insufficient to controvert the allegations set forth in Flynt's amended complaint and, accordingly, reverse.
On May 9, 2001, Flynt was struck by a car driven by Lashon Jarrells and owned by Wilbert and Manuel Gordon. The Gordons were insured by Progressive, while Jarrells was insured by State Farm Insurance Company. The Gordons' policy limits with Progressive were $10,000. Progressive agreed to settle Flynt's claim for the policy limits and sent a proposed release to Flynt's counsel. The proposed release provided, inter alia, that Flynt did "completely and fully release and forever discharge Manuel Gordon, Lashon Jarrells and Wilbert Gordon" of any liability related to the May 9, 2001 incident in which Flynt was injured. Flynt accepted the $10,000 and executed the release.
In 2005, Flynt brought the instant action for reformation and rescission against Progressive and Jarrells. In his amended complaint, Flynt alleged that Progressive's insurance adjuster, John Robinson, mistakenly included Jarrells' name in the release. Flynt further alleged that the parties negotiating the settlement did not intend for the release to affect the claim that Flynt might have against Jarrells and that the inclusion of Jarrells' name on the release was the result of a mutual mistake. Flynt sought to have the trial court either reform the release (Count I) or rescind the parties' settlement agreement (Count II). Progressive and Jarrells filed an answer and affirmative defenses, denying that Flynt was entitled to any relief. In their motion for summary judgment, the defendants alleged that the release executed by Flynt clearly identified the parties who were to be released. In support of their motion, the defendants filed the affidavit of Progressive's record custodian, Diane Bray. Attached to Bray's affidavit was correspondence between Robinson and Flynt's counsel.[1] The correspondence reflected that (1) Progressive notified Flynt's counsel that Jarrells might have insurance coverage from State Farm; (2) Progressive accepted Flynt's demand for payment of its policy limits of $10,000; (3) Progressive did, in fact, pay the $10,000 to Flynt; and (4) Flynt had executed a release which included the name of Lashon Jarrells.
The trial court granted the motion for summary judgment, finding that the summary judgment evidence[2] did not support an inference that any mutual mistake caused Jarrells' name to be included on the release.
Review of an order granting summary judgment is de novo. Volusia County v. *1219 Aberdeen at Ormond Beach, LP., 760 So.2d 126, 130 (Fla.2000). Summary judgment is proper only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Id. The burden of proving the absence of a genuine issue of a material fact is upon the moving party. Until the movant has successfully met this burden, the opposing party is under no obligation to prove the existence of triable issues. Holl v. Talcott, 191 So.2d 40, 43-44 (Fla.1966).
Here, Flynt would be entitled to reformation of the release if, as he alleged in his amended complaint, the inclusion of Jarrells' name was the result of a mutual mistake. See Banks v. Orlando Reg'l Healthcare, 955 So.2d 604, 608 (Fla. 5th DCA 2007) (court of equity has power to reform written instrument where, due to mutual mistake, instrument as drawn does not accurately express the intention or agreement of parties to instrument); see also Milford v. Metro. Dade County, 430 So.2d 951 (Fla. 3d DCA 1983) (relief in form of reformation of instrument is available to one seeking to reform release because of mutual mistake). The defendants' argument that the release's express reference to Jarrells could not have been the product of a mutual mistake raises, at best, a question of fact. Milford, 430 So.2d at 953.
Similarly, rescission would be an available remedy upon satisfactory proof of a mistake or other ground upon which such relief can be granted. Cooke v. French, 340 So.2d 541, 543 (Fla. 1st DCA 1976). Florida law permits a party to rescind a contract based on unilateral mistake unless the mistake results from an inexcusable lack of due care or unless the other party has so detrimentally relied on the contract it would be inequitable to order rescission. Florida Ins. Guar. Ass'n, Inc. v. Love, 732 So.2d 456, 457 (Fla. 2d DCA 1999).
Bray's affidavit did not controvert Flynt's allegations that the inclusion of Jarrells' name in the release was the result of a mistake. Instead, the affidavit merely confirmed the existence of Jarrells' name in the release executed by Flynt. The burden to controvert the allegations of the amended complaint was on the defendants. Bray's affidavit was clearly insufficient to meet this burden.
REVERSED and REMANDED.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] Appellate counsel was not the attorney who negotiated Flynt's settlement with Progressive.
[2] Flynt's affidavit in opposition to the defendant's motion for summary judgment was untimely filed. In his affidavit, Flynt averred that neither he nor his attorney ever intended to release Lashon Jarrells. The trial court found that summary judgment would be appropriate regardless of whether Flynt's affidavit was considered.