PER CURIAM.
The appellee (Bank) had issued a certificate of deposit to LeRoy Clements in the amount of $17,000. After Mr. Clements’ death, appellants (executrixes) sought to obtain the funds represented by the certificate, but they were unable to locate the certificate itself. The executrixes and the Bank could not agree on the nature of the indemnity which the Bank should be given as protection against possible losses it might suffer in the event the certificate was ever produced. The basis for the argument centered around the question of whether the certificate was negotiable or nonnegotiable. Consequently, the execu-trixes brought suit for payment of the certificate with the request that the court determine the indemnity, if any, which should be given the Bank as protection.
After the denial of their motion to dismiss, the Bank filed an answer asserting the negotiability of the certificate and asked the court to determine that its requirement of indemnification for the payment of the certificate be held to be reasonable to protect the Bank from double liability. The Bank attached a copy of the original certificate to its answer. After the case was set for trial, but within twenty days of the filing of the answer, the Bank filed an amended answer raising the affirmative defense that no cause of action had accrued because the certificate did not mature until July 26, 1979. After hearing arguments of counsel, but before the taking of testimony, the judge indicated he was inclined to the view that the complaint should be dismissed because the certificate of deposit had not matured. However, he permitted both parties to file memoranda on the subject. Following the submission of memoranda, the court entered final judgment for the Bank.
*468 The real controversy seems to be over the nature of the indemnity which should be required for protection against the lost certificate. As an afterthought, the Bank has raised the defense of the nonmaturity of the certificate. Limited to the face of the certificate, the defense looks good. However, in their memorandum the executrixes stated that they were prepared to introduce additional writings executed or delivered as part of the transaction in which the certificate of deposit was issued. The executrixes further manifested the desire to introduce verbal statements and evidence of custom and usage to prove that the decedent was led to believe that the certificate could be redeemed prior to maturity, subject to an appropriate interest penalty. It would be premature to pass upon the admissibility of the various types of proffered evidence, except to observe that parol evidence is admissible to connect several written instruments and show that they were all parts of one transaction. Northwestern Bank v. Cortner, Fla.App.2nd, 1973, 275 So.2d 317.
Much of the discussion in the briefs relates to the vehicle whereby the judge determined to dismiss the complaint. The judge, himself, characterized the amended affirmative defense as a motion -to dismiss. This seems inappropriate since a copy of the certificate of deposit with its maturity date was first attached to the an-’ swer, while a motion to dismiss is directed to matters contained in the complaint. H. E. Temples v. Florida Industrial Construction Co., Inc., Fla.App.2nd, 1975, 310 So.2d 326. We are reluctant to consider the order as a judgment on the pleadings since the Bank made no such motion and the ex-ecutrixes’ proffer contained in the execu-trixes’ memorandum was in the nature of a reply.
Under the circumstances, we believe the judgment should be reversed and the case remanded for the parties to recast their pleadings so that the issues can be decided on the merits and in an orderly manner. Should the court decide to permit the reestablishment of the lost certificate, the issue will then become whether such extrinsic evidence as may be admissible is sufficient to prove that the cause of action has matured. Should this obstacle be overcome, the court will then be in a position to determine the issue of appropriate indemnification, which, presumably, will be governed in large part by the court’s view of the negotiability of the certificate.
Reversed and remanded.
BOARDMAN, A. C. J„ and GRIMES and SCHEB, JJ., concur.