488 So.2d 672 (1986)
DRYDEN WATERPROOFING, INC., Appellant,
v.
Kerry M. BOGARD and Cynthia Pennock Bogard, Appellees.
No. 85-2368.
District Court of Appeal of Florida, Fourth District.
May 21, 1986.
Gary S. Israel of Steinbach & Israel, West Palm Beach, for appellant.
No appearance for appellees.
DOWNEY, Judge.
Dryden Waterproofing, Inc., appeals from a final judgment dismissing its fourth amended complaint with prejudice. The fourth amended complaint was cast in three counts, one for "Fraudulent Misrepresentation," another for "Misrepresentation" *673 and a third for "Breach of Contract." Essentially, the complaint alleged that Brendan and Nancy Rooney were at all material times the sole stockholders and agents for Appellant Dryden Waterproofing, Inc., a New York corporation; that the Rooneys negotiated for the purchase of an improved residential property from Kerry and Cynthia Bogard; and that the property was ultimately purchased and title taken in the name of Dryden Waterproofing, Inc. The complaint alleged that the Bogards, either personally or through their agents, falsely represented the square footage of the residence, the distance separating the residence from the adjoining property and the condition of the personal property located therein; that the representations were known to be false and intentionally made to induce the sale of the property in reliance thereon, and that appellant relied thereon to its detriment. In addition to the Bogards, appellant named as defendants two brokers.
During a hearing on a motion to dismiss the fourth amended complaint, appellant's counsel consented to dismissal of the fourth amended complaint for the purpose of eliminating some "technical deficiencies," such as surplusage in allegations and parties, with the intention of filing a fifth amended complaint absent the unnecessary parties and other deficiencies. A motion for leave to file the fifth amended complaint was heard along with the motion to dismiss the fourth amended complaint. The trial judge dismissed the fourth amended complaint and denied leave to file the fifth amended complaint because the cause had been pending for over two years and appellant had not stated a cause of action in that time.
We recognize the oft stated feeling among some members of the bench and bar that three unsuccessful attempts at stating a cause of action should be sufficient (three strikes and you're out). However, the rule, more accurately stated, is that leave to amend a complaint should be freely granted when justice so requires and it should not be denied unless the privilege has been abused or it is clear the pleading cannot be amended to state a cause of action. Fla.R. Civ.P. 1.190(a); Highlands County School Board v. K.D. Heddin Construction, Inc., 382 So.2d 90 (Fla. 2d DCA 1980); Osborne v. Delta Maintenance and Welding, 365 So.2d 425 (Fla. 2d DCA 1978). See also Penn Cork and Closures, Inc. v. Piggyback Shippers Association of Florida, Inc., 281 So.2d 46 (Fla. 3d DCA 1973). Thus, while we do not suggest that there are not occasions when three efforts to plead a cause of action should suffice before dismissal, in the present case we do not believe appellant abused the amendment privilege.
In our judgment the fourth amended complaint stated a cause of action for fraudulent misrepresentation and breach of contract. Therefore, it should not have been dismissed for failure to state a cause of action. However, after the parties had argued their respective positions, new counsel for appellant agreed to a dismissal, ostensibly to clean up the pleading and eliminate certain unnecessary parties and other "technical deficiencies." The amended fifth complaint accomplished these ends and should have been allowed. The counts for fraudulent misrepresentation and breach of contract stated causes of action.[1]
Accordingly, we reverse the judgment of dismissal and remand the cause with directions to allow the filing of the fifth amended complaint as tendered. If the trial court determines, upon a proper showing, that the new count for conversion is not appropriate for some reason, it can dismiss or strike that count.
REVERSED AND REMANDED with directions.
GLICKSTEIN and GUNTHER, JJ., concur.
NOTES
[1] Regarding the complaint's allegations concerning fraudulent misrepresentation, it should be mentioned that it is generally recognized that "where a fraud is worked upon an agent by a third person, either by misrepresentation or by silence, the fraud is considered as worked upon the principal, and the latter has a right of action against the third person for redress." 3 Am.Jur.2d Agency § 289 (1962). See also Restatement (Second) Agency § 315 (1958).