528 So.2d 108 (1988)
Neil LEAVITT, As Personal Representative of the Estate of Arthur G. Georgalis, Appellant,
v.
Alan GARSON, Appellee.
Nos. 87-2666, 87-2791.
District Court of Appeal of Florida, Fourth District.
July 13, 1988.
*109 Steven W. Davis of Broad and Cassel, Miami, for appellant.
Steven J. Gutter of Kahn & Gutter, Fort Lauderdale, for appellee.
HERSEY, Chief Judge.
Appellant, Neil Leavitt, as personal representative of the estate of Arthur Georgalis, defendant below, appeals the trial court's order denying his motion to amend his answer, its final summary judgment in favor of appellee, and its amended final judgment awarding appellee $9,594. We reverse.
On April 28, 1987, appellee filed a complaint alleging that he and the decedent had entered into a contract on June 7, 1984, whereby the decedent agreed to transfer to appellee 100,000 shares of stock of AGA (Amateur Golfers' Association) of America, Inc., for a sum in excess of $5,000. The complaint alleged that appellee had paid a sum in excess of $5,000 to the decedent but that the decedent had failed and refused to transfer the stock certificates.
Attached to the complaint was a copy of a letter purportedly signed by the decedent which appellee alleged memorialized the transaction. The letter stated: "This letter will verify the fact that Dr. Alan Garson owns 100,000 (one hundred thousand) shares of my stock in AGA of America, Inc. This stock cannot be negotiated for at least two years after the public issue."
Appellee asked for damages for breach of contract, fraud, and for specific performance.
Appellant filed an answer denying all allegations in the complaint and asserting *110 inter alia as affirmative defenses that the plaintiff had failed to recite any consideration for the stock and that there had been no contract between the parties.
On August 4, 1987, appellee moved for summary judgment. An attached affidavit of appellee stated that he had paid the decedent $7,000 on June 7, 1984, but had never received the stock. Appellant filed a responsive affidavit in which he stated that the stock was virtually worthless at the time of the alleged contract and was presently worth only $750 to $1,500. Appellant's affidavit also stated that "[n]othing contained herein shall be construed as an admission by the Estate that a contract for sale existed, that nay [sic] monies were received by the decedent or owed by the Estate. To the contrary, the transaction is denied."
On September 4, 1987, appellant filed a motion to amend his answer to include the affirmative defense of the Statute of Frauds. A hearing was held on September 9, 1987, at which time the court considered appellee's motion for summary judgment but apparently did not consider appellant's motion to amend. The court thereafter granted appellee's motion for summary judgment, and on September 17, 1987, rendered a final judgment for $7,000 plus interest and costs in favor of appellee.
Appellant filed a motion for rehearing, arguing that the court should have granted his motion to amend. The court entered an order on rehearing denying appellant's motion to amend his answer and thereafter rendered an amended final judgment in favor of appellee for $9,594.
On appeal, appellant contends that the trial court erred in granting summary judgment for appellee and abused its discretion in denying his motion to amend. We agree.
Appellee asserts that it was undisputed that he paid $7,000 as consideration for the stock and contends that appellant's affidavit does not "unequivocably deny" that the decedent received the money. We conclude, however, that appellant's affidavit is sufficient to constitute a denial of receipt of the funds. Also, appellant's answer specifically denied all allegations of the complaint, number three of which was the allegation that appellee had paid in excess of $5,000 for the stock.
Based on the pleadings and the affidavits, the trial court was faced with appellee's bare assertion that he paid $7,000 and appellant's bare assertion that he did not. Accordingly, a factual dispute existed which precluded summary judgment. See Stewart v. Boho, Inc., 493 So.2d 95 (Fla. 4th DCA 1986).
As for appellant's motion to amend his answer, rule 1.190, Florida Rules of Civil Procedure, provides for liberal amendment of pleadings. Under the rule, a test of prejudice is the primary consideration in determining whether a motion for leave to amend should be granted, and leave to amend should not be denied unless the privilege has been abused or the pleading is clearly not amendable. New River Yachting Center v. Bacchiocchi, 407 So.2d 607, 609 (Fla. 4th DCA 1981), rev. denied, 415 So.2d 1360 (Fla. 1982).
Section 678.319, Florida Statutes (1985), provides:
A contract for the sale of securities is not enforceable by way of action or defense unless:
(1) There is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price; or
(2) Delivery of the security has been accepted or payment has been made but the contract is enforceable under this provision only to the extent of such delivery or payment; or
(3) Within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under subsection (1) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within 10 days after its receipt; or

*111 (4) The party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract was made for sale of a stated quantity of described securities at a defined or stated price.
Appellee contends that since he paid $7,000 as consideration for the stock, section 678.319 would not have been a valid defense to his claim. What appellee fails to note, however, is that if a trier of fact were to determine that appellee did not pay the $7,000, then section 678.319 would be a valid defense.
Appellant correctly contends that his motion to amend was made prior to the hearing on the motion for summary judgment and before the case had been set for trial, so appellee would not have been prejudiced had the motion been granted.
Based on the foregoing, we reverse and remand for further proceedings.
REVERSE AND REMAND.
LETTS and GLICKSTEIN, JJ., concur.