533 So.2d 856 (1988)
Eduardo LECHUGA, Appellant,
v.
FLANIGAN'S ENTERPRISES, INC., d/b/a Big Daddy's Lounge, Appellee.
No. 88-43.
District Court of Appeal of Florida, Third District.
October 25, 1988.
Rehearing Denied December 7, 1988.
Rossano, Torrent & Leyte-Vidal and Robert Rossano, Miami, for appellant.
Proenza, White, Huck & Suarez and H. Clay Roberts and David White, Miami, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
Lechuga instituted a lawsuit against Flanigan's, seeking $45,000 in damages for injuries suffered when he was attacked and beaten in the parking lot of a Big Daddy's liquor lounge, owned and operated by Flanigan's.
On or about October 31, 1985, during settlement negotiations, Flanigan's counsel informed Lechuga's attorney that Flanigan's would be filing a bankruptcy petition on November 4, 1985. Based on that representation, Lechuga's attorney advised Mr. Lechuga and obtained authorization to accept a $4,500 settlement. The case was dismissed after the trial court was apprised of the negotiations and settlement.
Later, Lechuga's attorney learned that Flanigan's did not file for a liquidation in bankruptcy, as was represented to Lechuga, but instead filed for reorganization under the bankruptcy laws. When the settlement and release documents were offered for execution, Lechuga refused to sign contending that (1) he was misled concerning Flanigan's intentions, (2) his attorney was authorized to settle only if Flanigan's was going into liquidation under the bankruptcy laws, (3) his attorney had no authorization to settle on terms and conditions other than as specified, (4) the settlement is unreasonable, and (5) there was a unilateral mistake *857 as to the defendant's ability to satisfy a judgment.
This appeal is brought from a trial court order compelling enforcement of the $4,500 settlement agreement.
There is no evidence in the record which supports the trial court's finding that Lechuga's counsel had blanket authority to unconditionally settle the case for $4,500. In fact, the unrebutted testimony is to the contrary. The employment of an attorney does not, of itself, give the attorney authority to compromise the client's cause of action or settle the client's claim, Palm Beach Royal Hotel, Inc. v. Breese, 154 So.2d 698 (Fla. 2d DCA 1963), absent an emergency situation. Bursten v. Green, 172 So.2d 472 (Fla. 2d DCA 1965). It follows that an attorney has no authority to settle a client's claim on conditions other than those unequivocally approved by the client.
Even if Lechuga had given his attorney authority to settle, the agreement could still be rescinded on the basis of a unilateral mistake. Where it is shown that (1) the mistake was induced by the party seeking to benefit from the mistake, (2) there is no negligence or want of due care on the part of the party seeking a return to the status quo, (3) denial of release from the agreement would be inequitable, and (4) the position of the opposing party has not so changed that granting the relief would be unjust, a unilateral mistake may provide a basis for rescission of a contract. Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla. 1965); compare Department of Transp. v. Ronlee, Inc., 518 So.2d 1326 (Fla. 3d DCA 1987) (rescission not available for unilateral mistake where bidder on public contract is negligent and tardy), rev. denied, 528 So.2d 1183 (Fla. 1988).
For the reasons stated herein, the trial court should have denied the defendant's motion for enforcement of the settlement agreement and reset the cause for trial.
REVERSED AND REMANDED.