658 So.2d 1017 (1995)
Carol SOUCY, Appellant,
v.
Hugh Dalton CASPER, III, and Rosemary L. Wells, Appellees.
No. 93-3271.
District Court of Appeal of Florida, Fourth District.
January 18, 1995.
Maureen M. Matheson and Douglas W. Tuttle of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, for appellant.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellee-Wells.
RAMIREZ, JUAN, Jr., Associate Judge.
This is the companion case to Soucy v. Casper, 658 So.2d 1015. Carol Soucy appeals a final summary judgment in favor of Rosemary Wells and Allstate, her insurer. We reverse.
Appellant and her husband were injured in a motor vehicle accident allegedly caused by Hugh D. Casper and Rosemary L. Wells. Prior to appellant filing suit, her husband settled his personal injury claim with three insurance companies, all of which had tendered their policy limits. One of these companies was Allstate Insurance Company, Wells' insurance carrier. Both appellant and her husband signed a pre-printed form release from Allstate.
Appellant claims that she only signed the release settling her derivative claim for loss of consortium. The release was for the amount of $25,000, the policy limit per person on Wells' policy. It contained no language limiting the release to her loss of consortium claim.
We hereby adopt the reasoning of the Casper case to justify our reversal. But in addition, appellant in this case filed a motion for leave to amend her complaint to add a count for reformation of the release to *1018 show mutual mistake. The trial court erred in denying her motion. Florida Rule of Civil Procedure 1.190(a) states that a motion for leave to amend should be liberally granted, particularly when the motion is made prior to the hearing on the motion for summary judgment. Smith v. Barrett, 564 So.2d 582 (Fla. 4th DCA 1990); Leavitt v. Garson, 528 So.2d 108 (Fla. 4th DCA 1988). Leave to amend should only be denied when the privilege has been abused or the amendment would be futile to state a cause of action. Gamma Dev. Corp. v. Steinberg, 621 So.2d 718 (Fla. 4th DCA 1993); Kairalla v. John D. and Catherine T. MacArthur Found., 534 So.2d 774 (Fla. 4th DCA 1988); Dryden Waterproofing, Inc. v. Bogard, 488 So.2d 672 (Fla. 4th DCA 1986). This was appellant's first attempt to amend her complaint. Cf. Alvarez v. DeAguirre, 395 So.2d 213 (Fla. 3d DCA 1981).
Appellee asserts that appellant abused her privilege because she waited until a few days before the hearing on the motion for summary judgment to move to amend the complaint. The trial judge made no specific finding that appellee would be prejudiced by appellant exercising her privilege by amending the complaint or that the amendment would be futile. The Leavitt, court reversed summary judgment where the plaintiff attempted to amend five days before the summary motion hearing. In Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp., 353 So.2d 137 (Fla. 3d DCA 1977), the court reversed a denial of the plaintiff's oral motion to amend made at the hearing on the motion for summary judgment. Accord Haag v. Phillips, 333 So.2d 507 (Fla. 2d DCA 1976); Greenburg v. Johnston, 367 So.2d 229 (Fla. 2d DCA 1979). It was an abuse of discretion to deny appellant's motion to amend her complaint.
REVERSED AND REMANDED.
DELL, C.J., and STONE, J., concur.