RAMIREZ, JUAN, Jr., Associate Judge.
This appeal is the companion ease to Soucy v. Wells, 658 So.2d 1017 (Fla.App.1995), following a final summary judgment entered by the trial court in favor of Hugh Dalton Cas-per against Carol Soucy. We reverse.
Appellant and her husband were injured in a motor vehicle accident allegedly caused by Hugh D. Casper and Rosemary L. Wells. Prior to appellant filing suit, her husband, Gilbert Soucy, settled his personal injury claim with three insurance companies, all of which had tendered their policy limits. One of these companies was State Farm Automobile Insurance Company, Casper’s insurance carrier. Both Mr. Soucy and appellant signed a pre-printed form release from State Farm.
Appellant claims that she only signed the release settling her derivative claim for loss of consortium. The release was for the amount of $50,000, the policy limit per person on Casper’s policy. It contained no language limiting the release to her loss of consortium claim.
Over a year later, appellant filed her own action against Casper. Casper filed an affirmative defense alleging release by appellant. Appellant denied this in her reply. During discovery, appellant admitted she had signed the release and endorsed the settlement check. When Casper moved for summary judgment, appellant and the attorney who had initially handled the Soucys’ personal injury case, Andrew A. Graham, filed affidavits in opposition to the motion for summary judgment. They stated in their affidavits that the release was intended to release only appellant’s claim for loss of consortium. Mr. Graham’s affidavit specifically stated: “There was never any intent to settle [appellant’s] claim at that time in as she was still undergoing medical treatments.” Neither Casper nor State Farm filed an affidavit contradicting the affidavits.
In Ayr v. Chance, 372 So.2d 1000 (Fla. 4th DCA 1979), this court held that if a party to a release can establish mutual mistake, that party may be relieved from the unintended language. Through the pleadings in this cause, appellant has established that both sides intended to release only appellant’s derivative claim. As in Ayr, we must reverse the order granting summary judgment.
Appellee correctly points out that it is insufficient for appellant to allege and prove unilateral mistake. Milford v. Metropolitan Dade County, 430 So.2d 951 (Fla. 3d DCA), rev. denied, 440 So.2d 352 (Fla.1983). She must prove that both parties to the release were mistaken. Admittedly, in Milford, attorneys for both parties filed affidavits. However, by alleging in their affidavits that there was never any intent to settle appellant’s claim, an allegation which appellee has not contradicted, a genuine question of material fact has been raised, precluding summary judgment.
The court in Gonzalez v. Travelers Indemnity Co. of R.I., 408 So.2d 741 (Fla. 3d DCA 1982), reversed summary judgment where objective evidence of mutual mistake was presented. Here, appellant was still undergoing medical treatment for her injuries. State Farm tendered its policy limits on Mr. Soucy's claim after receiving his settlement brochure.
In Bagnasco v. Smith, 382 So.2d 401 (Fla. 4th DCA 1980), this court reversed a summary judgment even though the issue of mutual mistake was not artfully presented. Similarly, appellant has presented her claim of mutual mistake through her reply to the affirmative defense as well as through her and her counsel’s uncontradicted affidavits to avoid summary judgment.
REVERSED AND REMANDED.
DELL, C.J., and STONE, J., concur.