689 So.2d 1186 (1997)
In re ESTATE OF Frances L. BARRY, Deceased.
Leslie N. BARRY, Michael Barry, and Ronald Barry, Appellants,
v.
Sandra E. Barry LIEBERMAN, Appellee.
No. 95-3796.
District Court of Appeal of Florida, Fourth District.
March 12, 1997.
*1187 Jill Nexon Berman and Jonathan L. Gaines of Berman Wolfe & Rennert, P.A., Miami, for appellants.
Howard K. Coates, Jr. and Paul J. Geller of Proskauer Rose Goetz & Mendelsohn LLP, Boca Raton, for appellee.
STONE, Judge.
We affirm a final summary judgment entered in favor of the beneficiary of an irrevocable inter vivos trust, and reject claims seeking to modify the clear and unambiguous terms of the trust.
The heirs of the settlor brought this action to recover the balance in the trust. The heirs claim that Appellee, the trust's beneficiary, breached an alleged agreement with her mother, the settlor, not to sue Appellee's siblings in a corporate shareholder dispute. Appellants claim that the sole reason for the mother settling the trust was to protect Appellee's interest in the estate as security for payment of sums due Appellee under the shareholder dispute settlement. Appellants charge that Appellee nevertheless instituted suit nine years latersome seven months prior to the settlor's death. Appellants assert that the alleged agreement not to sue was the consideration for the mother establishing the trust. Because Appellee allegedly breached this agreement not to sue her siblings, Appellants claim a right to undistributed income left in the trust. The only written evidence of the alleged agreement is a letter from Appellants' attorney to Appellee's attorney five months prior to the mother establishing the trust. However, neither Appellee nor her mother wrote or signed this letter, or possibly even knew about it.
The settlor established in article II of the trust that:
The Trust created hereby shall be irrevocable and the Grantor expressly waives all rights and powers, whether alone or in conjunction with others, and regardless of when or from what source she may heretofore or hereafter have acquired such rights or powers, to alter, amend, revoke or terminate this Trust or any of the terms of this Trust Agreement in whole or in part.
The trust also provides:
A. The Trustees ... shall pay over to the Grantor, or apply for her benefit, the entire net income in convenient installments, not less often than quarterly.
* * * * * *
C. Upon the death of the Grantor, the entire principal and undistributed income of this Trust shall be distributed outright and free of this Trust to the Grantor's daughter, SANDRA E. BARRY, and this Trust shall terminate.
The trial court found that the trust was unambiguous and fully integrated. The parol evidence rule thus precluded testimony concerning any alleged prior or contemporaneous agreement not referred to within the four corners of the document that would serve to vary, contradict, add to, subtract from, or alter the terms of the document. There is nothing in the language of the document that can be reasonably construed as conditional. The court also recognized that the settlor had the legal discretion to leave undistributed income in the trust for the beneficiary.
Clearly, the parol evidence rule bars claims arising out of prior extrinsic agreements, oral or written, which the terms of a fully integrated document. E.g. J.M. Montgomery Roofing Co. v. Fred Howland, Inc., 98 So.2d 484 (Fla.1957); J.C. Penney Co. v. Koff, 345 So.2d 732 (Fla. 4th DCA 1977); Burgan v. Pines Co. of Georgia, Ltd., 382 So.2d 1295, 1296 (Fla. 1st DCA 1980). Admission of such evidence absent an ambiguity is precluded even without reference to the parol evidence rule. Knauer v. Barnett, 360 So.2d 399 (Fla.1978). Where the terms of an agreement, as here, are unambiguous, *1188 its meaning and the intent of the maker are discerned solely from the face of the document, as the language used and its plan meaning controls. Fecteau v. Southeast Bank, N.A., 585 So.2d 1005 (Fla. 4th DCA 1991).
Appellants in the instance case are attempting to nullify or revoke an existing trust agreement because Appellee allegedly breached a condition subsequent, i.e., not to sue her siblings. Parol evidence cannot be introduced to show this alleged breach or failure of a condition subsequent. Although parol evidence is admissible to show conditions precedent, which relate to the existence of a valid contract, such evidence is not admissible to show conditions subsequent, which provide for the nullification or modification of an existing contract. Chappell v. Hasche, 98 So.2d 808 (Fla. 2d DCA 1957).
We have considered the several exceptions to the rule raised by Appellants and find each inapposite, as exceptions recognizing the introduction of extrinsic evidence are inapplicable to contradict the express terms chosen by the settlor. See Federal Deposit Ins. Corp. v. Hemmerle, 592 So.2d 1110 (Fla. 4th DCA 1991); J.M. Montgomery Roofing; Linear Corp. v. Standard Hardware Co., 423 So.2d 966 (Fla. 1st DCA 1982). The face of the document clearly provides that Appellee's interest is unconditional and the settlor expressly "waive(d) all rights and powers ... to alter, amend, revoke or terminate this trust." Nowhere in the document is there even a hint of obligation on the part of Appellee. We also reject the applicability of law allowing parol evidence to demonstrate the "true consideration" for an agreement. See Schwartz v. Zaconick, 68 So.2d 173 (Fla. 1953); Mallard v. Ewing, 121 Fla. 654, 164 So. 674, 678 (1935). The "true consideration" exception is only applicable to clarify an ambiguous document. Schwartz. Here, as a matter of law, the document is unambiguous. See Schwartz; Gorman v. Kelly, 658 So.2d 1049 (Fla. 4th DCA 1995). Recognizing a "true consideration" exception to every motive that may prompt one to execute a document would truly be an exception that swallows the rule. See Knabb v. Reconstruction Finance Corp., 144 Fla. 110, 197 So. 707 (1940); Florida Moss Products Co. v. City of Leesburg, 93 Fla. 656, 112 So. 572 (1927); Asphalt Paving, Inc. v. Ulery, 149 So.2d 370 (Fla. 1st DCA 1963).
Neither is this, as alleged, simply a circumstance of multiple agreements that are bound together as "two aspects of the same transaction," where neither of the documents contain the full embodiment of an agreement. See Barker v. First Nat. Bank in Plant City, 325 So.2d 467 (Fla. 2d DCA 1976) (parol evidence is admissible to connect several written instruments and to show that they were all part of one transaction). Here, the trust is patently complete on its face with no essential terms absent. In addition, there must be some expression in the incorporating document of an intention to be bound by a collateral document. Kantner v. Boutin, 624 So.2d 779, 781 (Fla. 4th DCA 1993).
It is also worth noting that the settlor was not a party to the correspondence between the attorneys which formed the alleged agreement. Furthermore, the trust was recognized by the settlor until her death despite the fact that her daughter sued her siblings more than half a year before her death. Cf. Kantner; Leaseco, Inc. v. Bartlett, 257 So.2d 629 (Fla. 4th DCA 1971), cert. denied, 262 So.2d 447 (Fla.1972). We also note an absence of proof of fraud on Appellants' claim that it is inequitable to permit Appellee to retain the benefits of a fraudulent inducement.
We find no merit in the argument that the settlor lacked the discretion to pass undistributed income through the trust. The document provides that Appellee receives the undistributed income remaining in the trust. Knaur.
Therefore, the judgment is affirmed.
WARNER and STEVENSON, JJ., concur.