PARKER, Chief Judge.
Copeland D. Newbern appeals the final money judgment and the final cost judgment entered against him in favor of American Plasticraft, Inc., M/N Co., Fred P. Manetti, Quail Hollow Properties, Inc., Mario J. Man-etti, and Manetti, Inc. (the Manetti Group), in a contract case involving the purchase and ownership interests in a land trust. New-bern also challenges the accounting between the parties regarding the Franza transaction. We affirm in part and reverse in part.
The complete recital of all the facts in this case is unnecessary in resolution of this dispute. In 1979, Newbern agreed to purchase 85% of the beneficial interests in a land trust containing 3000 acres from two separate groups of selling beneficiaries, the Kuhny Group and the Manetti Group. The Manetti Group retained ownership of the remaining interests. Following the signing of the purchase agreement, Newbern’s sons-in-law, John K. Shepard and Peter S. Skemp, each took one-third interest from Newbern. At the time of the purchase agreement, the land trust was a party to a contract for the sale of 250 acres of trust property, “The Oaks,” with Bunting Development. Subsequently, Bunting defaulted and assigned its interest in “The Oaks” to Quail Hollow Properties, Inc., part of the Manetti Group, instead of returning the 250 acres to the land trust.
On November 3, 1979, approximately one and one-half months after Newbern finalized the purchase of the beneficial interest in the land trust, Newbern signed a separate agreement, called the profits agreement. New-bern and Sam Carollo, an employee of Mario J. Manetti, were the only parties to the profits agreement. The profits agreement provided that Newbern would pay Carollo 25% of all profits realized by Newbern from New-bern’s interests in the land trust. On December 1, 1979, Carollo assigned his rights under the profits agreement to Quail Hollow Properties.
The Manetti Group eventually sued New-bern for breach of contract for failing to make payments due pursuant to the purchase agreement. Additionally, Quail Hollow Properties also sued Newbern, Shepard, and Skemp for a declaratory judgment and an action for accounting. Quail Hollow asked the trial court to declare that it was the equitable owner of “The Oaks,” to determine its rights to section 16 of the land trust, and to require an accounting between the parties.
Although we recognize that this was a very difficult case for the two trial judges, we are compelled to reverse certain rulings made by the trial court. First, the trial court erred by permitting parol evidence to link the profits agreement to the purchase agreement of the beneficial interest in the land trust. In Florida, parol evidence is admissible to prove the elements of an agreement where a writing is ambiguous on its face or fails to contain the elements of a complete contract. See Asphalt Paving, Inc. v. Ulery, 149 So.2d 370 (Fla. 1st DCA 1963).
We conclude that in this case, the purchase agreement is unambiguous and thus, stands on its own. It appears that the trial court linked the profits agreement to the purchase agreement in order to establish consideration for the subsequent profits agreement, which we conclude is ambiguous. The trial court relied on Northwestern Bank v. Cortner, 275 So.2d 317 (Fla. 2d DCA 1973), to link the two agreements. However, we conclude that this case is distinguishable from Northwestern Bank, because in this case the agreements involve different parties. Carollo was not a party to the purchase agreement. See In re: *353 Barry, 689 So.2d 1186, 1188 (Fla. 4th DCA 1997). Additionally, by linking the profits agreement to the purchase agreement, the trial court materially changed the consideration of the purchase agreement. See Titusville Assoc., Ltd. v. Barnett Banks Trust Co., 591 So.2d 609 (Fla.1991); In re: Barry, 689 So.2d at 1187. Accordingly, it was error for the trial court to link these two agreements. Therefore, we reverse on this issue and remand for a new trial.[1]
All the parties in this case agree that the profits agreement fails for lack of consideration if it is not linked to the purchase agreement. Accordingly, we conclude that there was no consideration between Newbern and Carollo which would permit the profits agreement to stand on its own. Thus, upon remand, no party is entitled to any judgment based upon the profits agreement.
We affirm the trial court’s order as it relates to the finding that the Bunting project, “The Oaks,” was not part of the land trust venture. We conclude that Newberris actions constituted a waiver and or an estop-pel to any claim regarding the assignment of “The Oaks” to Quail Hollow. Also, we conclude that the Franza transaction was a separate transaction which did not involve the land trust and it should not have been part of this lawsuit.
Our decision today necessarily requires that the accounting be reversed, and that the trial court order a new accounting among the parties after a new trial on the contract issues. Finally, we reverse the final cost judgment which the trial court entered based on its determination of liability and the accounting.
Affirmed in part, reversed in part, and remanded for further proceedings.
FULMER and GREEN, JJ., concur.

. Because of our decision today, we note that there may be a statute of limitations bar to any action under the purchase agreement. The trial court relied on a payment made pursuant to the profits agreement to determine that the statute of limitations had not run on the contract action pursuant to the purchase agreement. If upon remand to the trial court the evidence reflects that Newbern's last payment under the purchase agreement was in 1982, it appears that the statute of limitations has run on this claim.