PARKER, Chief Judge.
Appellants, John K. Shepard and Peter S. Skemp, appeal the final money judgment and the final cost judgment entered against them in favor of American Plasticraft, Inc., M/N Co., Fred P. Manetti, Quail Hollow Properties, Inc., Mario J. Manetti, and Manetti, Inc. (the Manetti Group), in a contract case involving the purchase and ownership interests in a land trust. We reverse.
These two cases were heard by this court with two other related cases which involved Copeland D. Newbern and the Manetti Group. See Newbern v. American Plasticraft, Inc., 721 So.2d 351 (Fla. 2d DCA 1998). In Newbern, we set forth the necessary facts explaining the agreements and the relationship of the parties; therefore, we will not repeat those facts in this opinion. See id., at 352.
In Newbern, we held that the trial court erred by linking the profits agreement to the purchase agreement and that the profits agreement failed for lack of consideration. See id., at 352. We affirmed the trial court’s finding that the Bunting development known as “The Oaks” was not part of the land trust venture based on the doctrines of waiver and estoppel. See id., at 353.
In this particular case, Shepard and Skemp raised an additional issue regarding whether the trial court had denied them due process by finding that they were severally liable for monies due under the purchase agreement and the profits agreement even though they were not named in the pertinent counts of the complaint. We conclude that the trial court denied due process to Shepard and Skemp. The trial court allowed the addition of Shepard and Skemp at the conclusion of the evidence. This court has held that it is error to enter a judgment against a party who has not been named as a defendant under a pertinent count. See Barkett & Petroleum Packers, Inc. v. Hardy, 571 So.2d 13 (Fla. 2d DCA 1990). Upon remand, the trial court shall allow the Manetti Group to amend its complaint to add Shepard and Skemp to all pertinent counts of the complaint, after which the trial court shall conduct a new trial to determine whether Shepard and Skemp are liable to the Manetti Group for payments due under the purchase agreement.
Because of our decision in Newbern and in this ease, it will be necessary to have a new accounting after the trial court determines the ultimate liabilities of the parties. Accordingly, we reverse the final judgment finding Shepard and Skemp liable under the purchase agreement and the profits agreement. We also reverse the final cost judgment entered against Shepard and Skemp.
Reversed and remanded for further proceedings.
FULMER and GREEN, JJ., Concur.