768 So.2d 535 (2000)
ALI R. GHAHRAMANI, M.D., P.A., a Florida Professional Service Corporation, Appellant/Cross-Appellee,
v.
PABLO A. GUZMAN, M.D., P.A., a Florida Professional Service Corporation, and Pablo A. Guzman, M.D., individually, Appellee/Cross-Appellant.
Nos. 4D00-335, 4D99-3978.
District Court of Appeal of Florida, Fourth District.
October 11, 2000.
*536 F. Lee Bailey of Law Offices of F. Lee Bailey, West Palm Beach, for appellant/cross-appellee.
Andrew P. Gold of Kluger, Peretz, Kaplan & Berlin, P.A., and Broad & Cassel, P.A., Fort Lauderdale, for appellee/cross-appellant.
POLEN, J.
Pablo A. Guzman, M.D., P.A. sued Ali R. Ghahramani, M.D., P.A. to enforce the parties' mediation agreement. Ghahramani counterclaimed, seeking to enforce a non-compete clause that was contained in the original agreement the parties had entered into before mediation. The trial court entered final summary judgment on both Guzman's claim and Ghahramani's counterclaim in Guzman's favor. Ghahramani appeals from the summary judgment, and Guzman cross-appeals from the trial court's denial of his claim for attorney's fees. We affirm entry of summary judgment but reverse the denial of attorney's fees to Guzman.
Ghahramani and Guzman entered into a contract wherein Guzman agreed to act as an independent contractor in the medical services field for Ghahramani in exchange for compensation. The contract contained a non-compete clause and required the parties to resolve any disputes arising from the contract through arbitration.
Subsequently, a dispute arose by which Guzman charged Ghahramani failed to pay *537 him monies owed under the contract. Guzman filed a statement of his claims. Ghahramani counter-claimed that Guzman breached the non-compete clause. He maintained that such breach relieved him of his obligation to pay Guzman anything.
The dispute was submitted to arbitration. Soon thereafter, the parties attended mediation with their respective counsel. At the conclusion of mediation, they entered into a written settlement agreement by which Ghahramani agreed to "release [Guzman] from the non-competition covenant contained in the Agreement that is the subject matter of the above[-] styled arbitration." It also required Ghahramani to pay Guzman $200,000 in four equal monthly installments.
Ghahramani did not pay Guzman as promised. He also claimed that by signing the settlement agreement he did not intend to release Guzman from future infractions of the non-compete provision, but only for past infractions. He maintained that Guzman was still prohibited from competing with him pursuant to the terms of the original contract.
As a result, Guzman sued Ghahramani to enforce the settlement agreement and to recover his attorney's fees and costs. He also requested a jury trial. Ghahramani asserted as affirmative defenses lack of consideration and mutual mistake of fact. He also counterclaimed for injunctive relief and for damages.
Guzman then filed motions for summary judgment on his complaint and on Ghahramani's counterclaim. He argued that the mediation settlement agreement was clear and unambiguous and, therefore, no genuine issues of material fact remained as to either the amounts due from Ghahramani under the agreement, or that Ghahramani was not entitled to injunctive relief and/or damages.
The trial court held that the settlement agreement was clear and unambiguous and that because the depositions attempted to vary or alter the terms of that agreement, they could not be considered. It then entered summary judgment in Guzman's favor, but denied him attorney's fees. This appeal and cross-appeal followed.
Ghahramani now argues the court erred in granting summary judgment and thereby failing to consider parol evidence of his intent in entering into the settlement agreement. The parol evidence rule bars claims arising out of prior extrinsic agreements, oral or written, which vary, alter, or modify the terms of a clear, unambiguous, and fully integrated document. In re Estate of Barry, 689 So.2d 1186, 1187 (Fla. 4th DCA 1997). Where the terms of an agreement are unambiguous, its meaning and the intent of the signor are discerned solely from the face of the document. Id. at 1187-88 (citation omitted).
While Guzman contends that the agreement is clear and unambiguous on its face, Ghahramani argues that his affirmative defense of mistake of fact created a genuine issue of material fact rendering summary judgment improper. A release executed pursuant to a mutual mistake of past or present fact may on proper showing be set aside. Soucy v. Casper, 658 So.2d 1015, 1015 (Fla. 4th DCA 1995). Moreover, when a party to an unambiguous agreement has a dispute regarding the agreement's scope, an exception to the parol evidence rule applies, and such evidence may be admissible to determine the true intent of the parties. Id. (citations omitted).
However, and as Soucy holds, to set aside an unambiguous agreement it is insufficient to simply allege and prove a unilateral mistake.[1]Id. In this vein, the *538 pleadings and depositions from Ghahramani's attorneys supported the existence of merely a unilateral mistake on Ghahramani's part. Because the settlement agreement is otherwise clear and unambiguous on its face, we hold that Ghahramani failed to rebut Guzman's motion for summary judgment. See, generally, Sun Microsystems of California v. Engineering and Mfg. Systems, C.A., 682 So.2d 219, 220 (Fla. 3d DCA 1996)(holding settlement agreements are generally favored as a matter of public policy). Accordingly, we affirm the summary judgment.
However, and as Guzman argues on cross-appeal, we hold the trial court erred in denying Guzman attorney's fees pursuant to the prevailing party fees provision contained in the parties' original contract. Ghahramani's counterclaim sought to enforce a non-compete clause contained in the original contract. When the trial court entered summary judgment on that counterclaim in favor of Guzman, Guzman became the prevailing party. Therefore, he was entitled to recover attorney's fees pursuant to the original contract.[2]
AFFIRMED in part; REVERSED in part and REMANDED for further proceedings in accordance with this opinion.
GUNTHER and STONE, JJ., concur.
NOTES
[1] There is an exception to this rule. Where it is shown that (1) the mistake was induced by the party seeking to benefit from the mistake, (2) there is no negligence or want of due care on the part of the party seeking a return to the status quo, (3) denial of release from the agreement would be inequitable, and (4) the position of the opposing party has not so changed that granting the relief would be unjust, a unilateral mistake may provide a basis for rescission of a contract. Lechuga v. Flanigan's Enterprises, Inc., 533 So.2d 856, 857 (Fla. 3d DCA 1988)(citing Maryland Cas. Co. v. Krasnek, 174 So.2d 541 (Fla.1965)). These conditions were not alleged by Ghahramani to exist and, thus, the general rule requiring a mutual mistake to set aside the agreement applies.
[2] The settlement agreement did not constitute a novation of the original agreement because Ghahramani was still obligated to pay the subject monies to Guzman and no new consideration was given. See U.S. Home Acceptance Corp. v. Kelly Park Hills, Inc., 542 So.2d 463, 464 (Fla. 5th DCA 1989)(holding because settlement agreement was merely a promise to pay that which the appellees were already legally obligated to pay, it did not constitute valid consideration and, as a matter of law, a novation could not arise).