923 So.2d 564 (2006)
RAHO OF PASS-A-GRILLE, INC., a Florida corporation, Appellant,
v.
PASS-A-GRILLE BEACH MOTEL, INC., a Florida non-profit corporation, Appellee.
No. 2D05-2029.
District Court of Appeal of Florida, Second District.
March 22, 2006.
*565 Thomas E. Reynolds of Rahdert, Steele, Bryan, Bole & Reynolds, P.A., St. Petersburg, for Appellant.
No appearance for Appellee Pass-A-Grille Beach Motel, Inc.
SALCINES, Judge.
RAHO of Pass-A-Grille, Inc. ("RAHO"), appeals from an order denying its motion to enforce settlement. We reverse.
Pass-A-Grille Beach Motel, Inc. ("PAG"), a Florida not-for-profit corporation, is a cooperative association formed pursuant to chapter 719, Florida Statutes. It owns the cooperative property known as the Pass-A-Grille Beach Motel located at 709 Gulf Way, St. Pete Beach, Florida. PAG is owned by shareholders, including RAHO, who hold proprietary leases for units comprising the cooperative property. Disagreements arose between PAG and RAHO, and after multiple lawsuits, the parties entered into mediation.
An agreement was reached as a result of the mediation, and it was memorialized in a written mediation agreement which was signed by the parties and their legal counsel as well as by the mediator. Thereafter, a consent order adopting the mediation agreement was signed and rendered by the trial court. Subsequently, various disputes arose between the parties concerning performance under the mediation agreement, and both parties filed motions to enforce the agreement.
The trial court held an evidentiary hearing on those motions. At the evidentiary hearing, both sides presented testimony concerning their rights and responsibilities under the terms of the mediation agreement. Evidence was introduced concerning each party's performance or lack thereof under the terms of the agreement.
Rather than enforcing the various provisions of the agreement, the trial court concluded that the mediation agreement did not constitute a "real meeting of the minds" of the parties and upon that basis invalidated the agreement in its entirety. The trial court erred.
Although the mediation agreement was ambiguous in some respects, the parties agreed upon the essential terms and intended the mediation agreement to be binding upon them. As stated by the Florida Supreme Court in Blackhawk Heating & Plumbing Co. v. Data Lease Financial Corp., 302 So.2d 404, 408 (Fla. 1974):
Even though all the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them. A subsequent difference as to the construction of the contract does not affect the validity of the contract or indicate the minds of the parties did not meet with respect thereto.
In the present case, the parties' disputes concerned the proper construction of the mediation agreement. It was incumbent upon the trial court to resolve any ambiguities in the agreement based on the parol evidence introduced. That it did not do. Instead, the trial court simply declared that there was no agreement. Thus, this *566 matter must be reversed for further proceedings.[1]
Reversed and remanded for further proceedings.
NORTHCUTT and CANADY, JJ., Concur.
NOTES
[1] We note that our consideration of this case was hampered by the appellee's failure to make an appearance in this appellate proceeding. As a consequence, we have exercised restraint in discussing the facts of this case as applied to the ambiguities in the agreement. The trial court should resolve these matters and may order an additional evidentiary hearing if necessary to carry out this court's mandate.