997 So.2d 1205 (2008)
Sandra O'NEILL, Appellant,
v.
Richard SCHER, as personal representative of the Estate of Benjamin Scher, Appellee.
No. 3D07-2856.
District Court of Appeal of Florida, Third District.
December 24, 2008.
Hermelee & Geffin and Alan G. Geffin, Miami, and Christopher Perez-Gurri, Ft. Lauderdale, for appellant.
Roy D. Wasson and Annabel C. Majewski, Miami, for appellee.
Before WELLS, RAMIREZ, and LAGOA, JJ.
LAGOA, J.
Sandra O'Neill ("O'Neill") appeals from the trial court's order enforcing a settlement agreement between O'Neill and her brother, Richard Scher ("Scher"), which involves their father's Estate.[1] O'Neill further appeals the trial court's order requiring her to execute a general release. While we reverse that portion of the trial court's order requiring O'Neill to execute a general release, we affirm the remainder of the order enforcing the settlement agreement.
*1206 Scher is the personal representative of their father's Estate. O'Neill filed a claim against the Estate, and Scher filed objections to her claim. During the proceedings, the parties participated in mediation, which resulted in the parties and their counsel executing documents entitled "Memorandum of Settlement" and "Exhibit to Memorandum of Settlement" which read, in pertinent part, as follows:
3. Sandra O'Neill hereby releases any present and/or future interest which she may have in and to the following:
a. The Estate of Benjamin Scher opened in Miami-Dade County, Florida, under case number 06-0057 CP (04);
b. The Benjamin Scher Revocable Inter Vivos Trust dated 8/30/01, as amended and restated on 8/11/04, and/or any successor trust created through said trust, including but not limited to Marital Trust, Credit Shelter Trust, and Trust for the Benefit of Cassandra O'Neill;
c. Benjamin Scher Irrevocable Trust dated 9/1/99;
d. Any interest claim or expectancy of an inheritance from or against the Estate of Sophie Scher, including but not limited to any testamentary documents executed by Sophie Scher.
e. The Sophie Scher Revocable Inter Vivos Trust dated 8/30/01, as amended and re-stated on 8/9/05.
f. Any interest claim or expectancy of an inheritance from or against the Estate of Richard Scher, including but not limited to any testamentary documents executed by Richard Scher.
4. It is understood that this agreement is a memorial of the terms of the within settlement. However, the parties hereby agree to execute formal releases in accordance with the terms set forth herein.
Following the execution of the settlement agreement, both parties filed motions to enforce the settlement. In her motion to enforce, O'Neill argued that before executing the settlement agreement the parties orally agreed that the settlement was conditioned upon Scher producing documents establishing that their father's Estate was valued at between $6 million and $6.5 million. O'Neill, therefore, asserted that an evidentiary hearing was required to introduce parol evidence to determine whether this condition precedent existed and whether it had been satisfied. Scher denied that any such condition precedent existed, and argued that the settlement agreement should be enforced as written as its terms were clear and unambiguous.
After conducting a hearing on both motions, the trial court found that the settlement agreement was clear and unambiguous as to its terms and conditions, and entered an order: (1) denying O'Neill's motion to enforce or, in the alternative, to rescind the agreement; (2) granting Scher's cross-motion to enforce; and (3) requiring O'Neill to execute the release previously forwarded to her by Scher's counsel. This appeal ensued.
On appeal, O'Neill argues that the trial court erred in failing to conduct an evidentiary hearing in order to determine whether an oral condition precedent to the settlement agreement existed and whether that oral precondition has been satisfied. We disagree. Generally, parol evidence is admissible only to clarify the terms of an ambiguous contract. See RAHO of Pass-A-Grille, Inc. v. Pass-A-Grille Beach Motel, Inc., 923 So.2d 564, 565 (Fla. 2d DCA 2006); Developers of Northlake, Inc. v. Northlake Equities, Inc., 944 So.2d 1014, 1016 (Fla. 4th DCA *1207 2005); Ghahramani v. Guzman, 768 So.2d 535, 537 (Fla. 4th DCA 2000); In re Estate of Barry, 689 So.2d 1186, 1187 (Fla. 4th DCA 1997). "Where the contractual language is clear and unambiguous, `courts may not indulge in construction or modification and the express terms of the settlement agreement control.'" Commercial Capital Res., LLC v. Giovannetti, 955 So.2d 1151, 1153 (Fla. 3d DCA 2007) (quoting Sec. Ins. Co. of Hartford v. Puig, 728 So.2d 292, 294 (Fla. 3d DCA 1999)).
Based on our review of the settlement agreement, we find that the agreement's language is unambiguous, and, therefore, we conclude that the trial court did not err in refusing to conduct an evidentiary hearing in order to consider parol evidence. Accordingly, we affirm the trial court's order enforcing the settlement agreement.
We reverse, however, that portion of the trial court's order instructing O'Neill to execute the "general release" forwarded to her by Scher's counsel. As counsel for Scher conceded at oral argument, the release that the trial court ordered O'Neill to execute is overly broad and does not accurately reflect the release of interests and/or claims to which O'Neill agreed in the settlement agreement. Indeed, O'Neill only agreed in paragraph 3 of the Memorandum of Settlement to release six specific present and/or future interests. The general release, on the other hand, contains broad provisions releasing O'Neill's present and/or future claims for matters, persons, and entities not listed or considered in the settlement agreement.[2] On remand, the parties shall draft a release concerning only those six specific claims contained in paragraph 3 of the Memorandum of Settlement, and shall release no other present and/or future claims.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
NOTES
[1] Scher executed the agreement as personal representative and trustee of the Estate.
[2] We also note that the general release, which the trial court ordered O'Neill to execute, disposed of the interests of O'Neill's "heirs, executors, and administrators." Paragraph 3 of the Memorandum of Settlement, however, contains no such language and, on remand, the release presented to O'Neill for execution shall contain no such language.